## HOLLINGSWORTH *vs.* THE STATE OF GEORGIA.

1. There was sufficient evidence to sustain the finding of the jury; the presiding judge was satisfied with the verdict, and this court will not disturb it.

2. It is in the discretion of the presiding judge to allow a witness to be recalled, and this court will not interfere with that discretion unless it is abused. It was not abused in this case.

3. A party cannot generally impeach his own witness by evidence adduced for that purpose; but this is a rule touching the admissibility of evidence, and is for the court to deal with, not the jury. Nor does the rule, when properly understood, prohibit evidence to prove the facts to be otherwise than they have been stated to be by some of the party's own witnesses. In this way contradiction is, though direct impeachment be not, allowed.

October 5, 1887.

Verdict. New Trial. Witness. Practice in Superior Court. Evidence. Before Judge VAN EPPS. City Court of Atlanta. June Term, 1887.

A policeman, standing on the sidewalk opposite defendant's wine-room, saw one Brown in there pass something

to defendant, and receive from the latter a flask, and then leave the place with a companion. They were followed into an alley by this policeman and two others, and Brown showed the flask to that officer, on request. It contained corn whiskey. Brown remarked that it was " the genuine stuff." When introduced as a witness for the State, he denied that it was corn whiskey or intoxicating, but said he thought it was orange juice with peppermint; that he got it from defendant for a tonic; and that he never bought any whiskey of defendant. Another policeman corroborated the one first introduced. The defendant introduced no evidence, but stated merely that he never sold whiskey to any one, but let Brown have orange juice. He was found guilty, and moved for a new trial on the grounds (1) that the verdict was contrary to law and evidence; (2) because the court allowed the policeman to be recalled as a witness after his examination had been concluded, and several other witnesses introduced, his evidence not being in rebuttal; and (3) because the court refused to charge that the State was bound by its own witnesses, unless its attorney showed to the court that he had been entrapped by such witnesses, which had not been done. (Besides Brown, several witnesses were introduced by the State, and they testified that they never bought any whiskey or saw any bought of defendant.)

The new trial was refused, and the defendant excepted.

R. J. JORDAN, for plaintiff in error.

H. C. GLENN, solicitor city court, for the State.

SIMMONS, Justice.

It appears from the record in this case that an accusation was filed in the city court of Atlanta against Hollingsworth, for the sale of spirituous liquors to one Brown, contrary to the law of the State prevailing in Fulton county. On the trial of the case, the jury found the de-

fendant guilty. A motion was made for new trial upon the several grounds set out in the record, which was over-ruled by the presiding judge; to which ruling the defendant excepted, and brings the case to this court for review.

1. There was sufficient evidence to sustain the finding of the jury. The judge below was satisfied with the verdict, and we do not think, under the repeated rulings of this court, that we ought to disturb it.

2. As to the second ground, we see no error. It is in the discretion of the judge to allow a witness to be recalled, and we will not interfere with that discretion unless it is abused. It was not abused in this case.

3. The request to charge was properly refused. There was no effort upon the part of the State to impeach its witness. "A party cannot, generally, impeach his own witness by evidence adduced for that purpose, but this is a rule touching the admissibility of evidence, and is for the court to deal with, not the jury. Nor does the rule, when properly understood, prohibit evidence to prove the facts to be otherwise than they have been stated to be by some of the party's own witnesses. In this way, contra-diction is allowed, though direct impeachment be not." *Skipper vs. State*, 59 *Ga.* 63, and authorities there cited.

Judgment affirmed.