25554. PEURIFOY *v.* THE STATE.

516

DECIDED MAY 27, 1936.    REHEARING DENIED JUNE 18, 1936.

*Joel B. Mallet,* for plaintiff in error.

GUERRY, J.  The defendant was tried under an accusation which charged that on October 25, 1935, he did have in his possession, custody, and control "a quantity of alcoholic, spirituous, malted, fermented, vinous, and intoxicating liquors, beverages, and other drinks, which if drunk to excess will produce intoxication." No demurrer to this accusation was filed.  The evidence for the State disclosed that the defendant handed two gallons of liquor in tin cans to a negro from his car, and that the negro ran and hid the cans in a swamp.  The officers saw this transaction, and attempted to stop the negro.  In about five minutes they found the liquor where the negro had placed it.  One testified: "When we got the liquor the negro had, it was warm.  I did not know where it was made.  It had been made about an hour."  The negro denied having been handed the liquor by the defendant, but admitted carrying it in the swamp and hiding it.  He testified that he picked it up from the ground by the defendant's car.  Complaint is made that the court erred in charging the jury as follows: "I charge you as a matter of law that it is a violation of the laws of this State for any one to have in his possession, custody, or control any quantity of alcoholic liquors, wines, vinous beverages, or other drinks which, if drunk to excess, will produce intoxication."  It is to be admitted that this is not a correct statement of the law, for by the act of 1935 (Ga. L. 1935, p. 73) the sale of malt beverages is permitted, and in the same volume, p. 492, appears a law under which light domestic wine made from Georgia-grown crops may be made and sold.  However, the inclusion in the charge of the words "wines, vinous beverages, or other drinks," could not have been harmful to the defendant.  The entire testimony for the State related to his possession of intoxicating liquor.  No mention was made of wines or other drinks which, if drunk to excess, will produce intoxication.  In the definition of the term and its

common acceptation, liquor is distilled spirits and stronger than malt beverages and fermented wines. It must of necessity have been plain to the jury that the defendant was being tried for possession of *liquor;* especially is this true where all of the evidence was to this effect. We therefore can see no material harm to the defendant in the charge given by the court.

Where the solicitor-general calls a witness for the State, and, after questioning him, states to the court that he has been entrapped by such witness, it is not error for the judge to allow the solicitor to cross-examine and lead the witness, without first subjecting the solicitor himself to an examination. While counsel may not be surprised or entrapped by a statement of a witness made to others not parties to the case (*Dixon* v. *State,* 86 *Ga.* 754, 13 S. E. 87), the admissibility of evidence is for the court in such cases (*Hollingsworth* v. *State,* 79 *Ga.* 605, 4 S. E. 560); and when the solicitor-general states to the court: "I have been entrapped by this witness," the court may properly allow cross-examination. Especially is this true where such cross-examination is in reference to an alleged statement made by the witness to the solicitor himself. The evidence amply supported the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed.* · *Broyles, C. J., and MacIntyre, J., concur.*