## 30879. CARAWAY *v.* THE STATE.

DECIDED MAY 31, 1945.

*Alec Harris,* for plaintiff in error.
*Henderson Lanham, solicitor-general,* contra.

GARDNER, J. ▇ While the evidence was conflicting in many particulars as between the State and the defendant, such conflicts were exclusively for the jury to determine. They were determined against the defendant. The trial judge approved the verdict. In

such a situation, this court has no authority to interfere with the judgment.

■ There are three special grounds. We will deal with them in the order presented in the record. (a) The undisputed evidence discloses that the victim was a female child under eleven years old. The defendant was her stepfather. Throughout the whole evidence there is no indication whatsoever that the child was over eleven, and the case proceeded on the theory that this was her age. The defendant denied any mistreatment of the child at all. The complaint in this ground is that the court committed reversible error in making this statement during his instructions to the jury: "As to what constitutes the offense of rape where the female is over fourteen years of age, which does not apply in this case, the court will not give you that principle of law in charge." Under the facts in this case such statement is not reversible error for any of the reasons assigned. *Carroll* v. *State,* 70 *Ga. App.* 78 (27 S. E. 2d, 423).

(b) Error is assigned upon the following charge: "So, if you believe beyond a reasonable doubt that this defendant, at any time prior to the finding and returning of this bill of indictment in court by the grand jury, did have sexual or carnal intercourse with the alleged female, and she was at the time under fourteen years of age, and that he had not been previously married to her, and that the act was accomplished, either with or without her consent, whether against her will or not, then and in that event you will be authorized and it will be your duty to convict the defendant of the offense of rape as charged in the bill of indictment." Error is assigned upon this excerpt as being harmful, hurtful, and highly prejudicial to the defendant. It is argued that such charge was an expression of opinion by the court in violation of the provision of the Code, § 81-1104. Counsel for the defendant cite us to the cases of *Habersham* v. *State,* 56 *Ga.* 61, and *Giles* v. *State,* 83 *Ga.* 367 (9 S. E. 783). These decisions were rendered by the eminent jurist, Judge Bleckley. Counsel for the defendant in the instant case takes the position that the court committed reversible error when it used the words, "and it will be your duty to convict the defendant." It is contended here that it would have been permissible for the court to have instructed the jury that they would be "authorized to convict the defendant," but reversible

error to say that it was their duty to do so. Counsel states it this way: "The court could charge that the jury would be authorized to convict, but not in view of the evidence adduced, regardless of how reprehensible and conclusive, is it admissible for the court to tell a trial jury that if they believed the State's evidence it is their duty to convict the defendant." It will be observed that the court did not charge the jury that if they believed the State's evidence it would be their duty to convict the defendant. The court charged the jury that if they believed beyond a reasonable doubt that the defendant was guilty (meaning from *all* the evidence, not just from the State's evidence—from the whole record in the case and the whole charge of the court under all the record in the case) that it would be their duty to convict the defendant. We think this is a correct statement. Jurors have duties, just like anyone else. They were sworn in this case, in the first instance to well and truly try each cause submitted to them, and in addition thereto they were sworn on the indictment to well and truly return a verdict according to the evidence. If they are convinced after all the evidence is in and the defendant has made his statement, if any, and the court has given them the law applicable to the issues in the case, that the defendant is guilty beyond a reasonable doubt, it is their duty to convict. They have no pardoning power under such a situation. The court also charged in this case that if the jury did not believe the defendant guilty beyond a reasonable doubt, "It will be your duty to give him the benefit of the doubt and acquit him." We think the law imposes the duty upon a juror to convict in a proper case as well as the duty to acquit in a proper case. There is nothing to the contrary decided in *Habersham* v. *State,* and *Giles* v. *State,* supra. This ground is without merit.

(c) Error is assigned because, over objections, the court permitted a probation officer for the superior and juvenile courts, Mrs. Scott, to testify in behalf of the State to the effect that: "I am the probation officer for Floyd County for the superior and juvenile courts. As to whether or not in August of last year Noveline Williams complained to me about her stepfather abusing her —well, yes, sir, she did. She pleaded with me to take her home with me and said that her stepfather had threatened to kill her and she was afraid." The record reveals that this statement was

made about three weeks after the date of the offense for which the defendant was convicted. The objection urged to the admission is that in point of time it came too late after the offense to serve as an outcry and was therefore hearsay, since it was not admissible as a part of the res gestæ. When we keep in mind that the alleged victim in this case was a child of eleven years, and when we further consider the whole record in the case as to the child's testimony concerning the conduct of her stepfather, and as to the threats he made against her, and concerning her testimony as to her report to her aunt, her father's sister, and the evidence as to this aunt carrying her to the hospital for examination, and the testimony as to the nurses at the hospital concerning her injuries, all of which was evidence for the State; and on the other hand the inferences and implications from a number of witnesses, offered for the defendant, who were closely related to the child, to the effect that the child's testimony was untrue, an afterthought, and a frame-up, and that her conduct from the time of the alleged offense until her first outcry and until the defendant had been arrested was unreasonable, contradictory, and unworthy of belief— all served to construct a basis from which the evidence in this ground objected to was admissible as serving to illustrate the conduct of the child in going to the juvenile officer. In serving such a purpose it was not hearsay, but it became original evidence to illustrate the conduct of the child. *Garrett* v. *State*, supra. Moreover, we think the evidence was admissible to show a complaint on the part of the child. This ground is without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*