## 38914.   ATLANTA BAGGAGE & CAB COMPANY v. ATLANTA TAXICABS, INC., *et al.*

DECIDED JUNE 29, 1961.

*Candler, Cox, McClain & Andrews, Edward Andrews,* for plaintiff in error.

*Woodruff, Latimer, Savell, Lane & Williams, Benj. B. Blackburn, III,* contra.

NICHOLS, Judge. ■ Special ground 2 of the amended motion for new trial assigns error on an excerpt from the charge wherein the court instructed the jury that the defendant could not be found negligent from any act not alleged in the petition, and that the plaintiff must establish his contentions by a preponderance of the evidence. The complaint lodged against such charge is that it allowed the plaintiff to recover only in the event it proved all the acts of negligence alleged when a recovery is authorized if any alleged act of negligence is proved.

Such charge, even if not technically correct, was not harmful to the plaintiff, for each alleged act of negligence was based on the premise that the defendant's vehicle was illegally parked in the left-hand lane, for north bound traffic, on an expressway.

If the plaintiff proved, to the satisfaction of the jury, that such was the case, it proved all its contentions as to negligence, and if it did not prove such fact then it failed. The charge was not harmful.

■ Special ground 3 complains that the trial. court erred, after charging on proximate cause, in failing to further charge that intervening acts of negligence would not relieve the original wrongdoer if the probable consequences could have been reasonably anticipated. The charge as given was a correct charge and no proper request for any additional instructions was made. It is no ground of error to give a correct charge because additional instructions were not given. See *Payne v. Young*, 27 Ga. App. 370 (4) (108 SE 312); *Atlantic C. L. R. Co. v. Clements*, 92 Ga. App. 451, 456 (88 SE2d 809); *Carroll v. Hayes*, 98 Ga. App. 450 (105 SE2d 755).

■ Special ground 4 complains that the court erred in giving in charge *Code* § 38-119, to wit: "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted."

The collision out of which the action arose involved, in addition to the defendant's taxicab, four automobiles, and the driver of the automobile in front of the plaintiff's automobile and a passenger in the automobile that crashed into the rear of the plaintiff's automobile were used as witnesses by the plaintiff. There was testimony that one of the drivers of the other automobiles was in the Army stationed at Fort Jackson. There was no evidence as to the whereabouts of the other two drivers, and no evidence to show that any witness not used was any more accessible to the plaintiff than to the defendant. The driver of the plaintiff's automobile, a bailee, was not used as a witness and since, under the evidence, he was no more available as a witness to the plaintiff than he was to the defendant the charge was error requiring the grant of a new trial. See *Fields v. Yellow Cab Co.*, 80 Ga. App. 569 (56 SE2d 845); and *Brosnan v. Long*, 75 Ga. App. 837, 841 (44 SE2d 809), and citations.

■ Special grounds 1 and 5 complain of certain excerpts from the charge which the trial court gave and later withdrew. Inasmuch as the judgment overruling the motion for new trial must be reversed for the reasons shown in the third division of the opinion and since such alleged error will probably not recur, such assignments of error will not be considered.

■ Special grounds 6, 8 and 9 complain of the failure of the trial court to give without request certain principles of law which were applicable to the case. Each of such charges was applicable to the case and if on another trial the same facts are shown should be given in charge.

■ Special ground 7 complains of an excerpt from the charge wherein the jury was in effect instructed that the plaintiff could not recover even if the defendant was negligent in parking where prohibited by statute if *any* of the other drivers involved in the collision could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence in illegally parking.

Such charge was error for they would not be relieved if liable, merely because *any* one of the other drivers was also negligent. Such charge exonerated the defendants even if the jury found that the joint negligence of the defendants and the drivers of any of the other automobiles caused the collision, in which event they would be joint tortfeasors. The defendants rely on cases exemplified by *Davis v. Tanner*, 75 Ga. App. 296 (43 SE2d 165), where the evidence demanded a verdict for the defendant because the plaintiff's injuries were caused solely by the negligence of her host driver who crashed into the rear of a stopped bus and no reason appeared why such host driver could not have seen the stopped bus and was himself violating the law in that he failed to reduce speed and stop when approaching a stopped passenger-carrying bus from the rear at an intersection.

The further assignment of error under special ground 7 alleges that the charge denied the jury the opportunity of determining whether or not each of the ensuing collisions was such an intervening act as would break the connection between the original act and the subsequent damage to the plaintiff. The charge as given was error and under the facts in the case the jury should

have been instructed to determine whether the ensuing collisions were or were not the probable and natural consequences of the defendant's negligence or could have been reasonably anticipated, and if so that the defendants would not be exonerated. See *Bozeman v. Blue's Truck Line,* 62 Ga. App. 7 (7 SE2d 412), and citations; *Williams v. Grier,* 196 Ga. 327 (26 SE2d 698).

■ Inasmuch as the case must be tried again and the evidence on another trial may not be the same the general grounds of the motion for new trial will not be passed on except to state that the verdict rendered was not demanded so as to render the error on the charge of the court harmless.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*