23849.   LEE v. AUGUSTA COACH COMPANY et al.

ARGUED JANUARY 9, 1967—DECIDED JANUARY 19, 1967—
REHEARING DENIED FEBRUARY 9, 1967.

*Thurmond, Hester, Jolles & McElmurray, Thomas R. Burnside, Jr.,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, Gould B. Hagler,* for appellees.

NICHOLS, Justice. The Court of Appeals held that the evidence did not authorize a verdict that the collision in any way contributed to the death of the plaintiff's husband and reversed the judgment denying the defendant's motion for a judgment non obstante veredicto. This judgment was error.

"A state of things proved to have once existed is presumed to have continued to exist until a change or some adequate cause of change appears." *Glenn v. Tankersley,* 187 Ga. 129 (7) (200 SE 709). And mental or physical impairment is never presumed. See *Ellis v. Southern R. Co.,* 89 Ga. App. 407, 414 (79 SE2d 541).

While there was evidence that some two to seven days prior to the fatal hemorrhage the deceased suffered a small hemorrhage in the same area there was no evidence that such minor hemorrhage in any way caused any physical or mental impairment. The evidence that the deceased was in apparent good health and spirits on the morning of his death when he left home to go fishing was not contradicted, and there was no evidence of any intervening cause of any impairment in his health between such time and the collision. Immediately after the collision he was observed in a dazed condition. This evidence together with the medical testimony as to the cause of death and the opinion testimony as to the probable increase in blood pressure resulting from the collision was sufficient to authorize a finding that the collision contributed to the death of the plaintiff's husband.

The statement on cross examination by the physician that his opinion that the cause of death was fright or fear which caused the massive hemorrhage was speculation would not preclude a jury from arriving at the conclusion, based on his previous testimony, that increased blood pressure resulting from fright or fear could contribute to such a hemorrhage in a person otherwise susceptible to such an attack. The question asked on cross examination, excluding many of the facts on which the

opinion expressed on direct examination was based, did not require a decision that the medical expert was repudiating his original opinion or that his testimony on cross examination was contrary to that given on direct examination.

Properly construed the evidence authorized the jury to find that the collision contributed to the death of the plaintiff's husband, and the Court of Appeals erred in reversing the judgment of the trial court overruling the defendant's motion for a judgment non obstante veredicto.

*Judgment reversed. All the Justices concur.*