24846.    ESTES v. THE STATE.

ARGUED SEPTEMBER 12, 1968—DECIDED OCTOBER 10, 1968.

*John L. Respess, Jr., James R. Venable, H. G. McBrayer, Jr.,* for appellant.

*Albert Wallace, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Courtney Wilder Stanton,* for appellee.

GRICE, Justice. This appeal is by Mrs. Felicia Estes following her conviction and sentence for the murder of her husband Joe Douglas Estes. She was indicted by the grand jury of Clayton County for the homicide, was found guilty with recommendation of mercy upon trial in the superior court of that county, and thereupon was sentenced to life imprisonment.

■ Two of the enumerations complain of the admission of testimony of a police officer, in that his testimony related to conversations which were not in the defendant's presence and therefore were hearsay and inadmissible. These enumerations are quite similar and may be treated together.

The police officer was asked what two named persons told him that caused him to go to a hospital to talk with the defendant after the homicide had been discovered. Upon objection to the question as calling for hearsay, the solicitor general replied that he was asking the question to explain the conduct of the police officer in going to the hospital to talk with the defendant, not as proof of the facts stated but merely to show that such persons told the officer this and he acted upon what the persons told him. The judge allowed the question to be asked. The officer answered to the effect that one person told him that the defendant said she had shot the deceased, and that another person told him that the first person asked him to help him at the defendant's home. Thereupon, the defendant's counsel

again objected. The solicitor general reiterated its purpose and the judge allowed it only for that purpose, so instructing the jury.

No error was committed in admitting this testimony since it was allowed for the sole purpose of explaining the officer's conduct. See *Code* § 38-302; *Bryant v. State,* 191 Ga. 686 (14) (13 SE2d 820); *Jones v. State,* 224 Ga. 283, 285 (161 SE2d 302).

■ Another enumeration relating to the admission of evidence complains of the testimony of two police officers as to a statement of the defendant at the hospital on the night of the homicide. The appellant urges that the statement was not freely and voluntarily made because she was not in a condition to make a coherent statement or to protect her constitutional rights, and that the written statement was not complete in that everything she said was not reduced to writing.

The evidence was that the defendant made the statement while lying on a bed in the hall of the hospital awaiting treatment for self-inflicted gunshot wounds and while in an emotional state, crying intermittently during the interview. There was nothing to indicate that she was under the influence of drugs or sedatives of any kind, but she was obviously upset. The officers testified that they did not write every word she said, but that they read back to her what was written and she signed the statement.

The facts and circumstances surrounding this statement were considered by the trial judge in a separate hearing outside the presence of the jury. He found that the statement was voluntary, and therefore this became an issue for the jury. Likewise, the accuracy of the statement was for the jury to determine. The mere fact that the defendant was emotionally upset did not render it inadmissible. The requirements of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), were met.

The statement was properly admitted in evidence.

■ The evidence was ample to support the verdict of guilty. That the defendant killed the deceased was established by her declaration to a neighbor immediately afterward, her incriminating statement above referred to, and the physical facts and circumstances of the homicide. The jury was likewise authorized

to find that the homicide was not justified in law, but was occasioned by malice, as shown by her oral and written statements, and other evidence relating to the defendant's discovery earlier that day that the deceased was associating with another woman. Hence there is no merit in the enumerations complaining of denial of the motion for new trial because of the general grounds.

*Judgment affirmed. All the Justices concur.*