CULPEPPER, Judge.
This is a suit for the sum of $549 representing the cost of repairs to plaintiff’s home which was damaged by Hurricane Betsy in 1965. The defendant insured the premises against loss by windstorm. The district judge awarded plaintiff $44 but denied her request for penalties and attorney’s fees. Plaintiff appealed.
The issue is factual, i. e., whether the needed repairs resulted from the hurricane.
The facts show that after the hurricane on September 9, 1965, a local building contractor, Mr. Lloyd Domingue, estimated damages to plaintiff’s home as follows:
Patch ceiling tile in living room . $30.00
Repair roof where antenna (illegible) . 10.00
Wallpaper repairs . 504.00
Appraisal fee . 5.00
Total.$549.00
Pursuant to this estimate, defendant’s adjuster, Mr. J. B. Miller, and the plaintiff signed a proof of loss and request for payment showing the total damage as $582.23, subject to a deductible of $50 under the terms of the policy, leaving the amount of the claim at $532.23.
On December 16, 1965 the defendant advised plaintiff by letter that their engineer, Mr. J. T. VanWay, had inspected the premises and found that none of the damages were caused by the hurricane, except possibly the roof and antenna loss, which did not exceed the deductible feature of the policy. Hence they denied any liability whatever.
The present suit was filed on January 21, 1966 claiming $549 plus penalties and attorney’s fees. At the trial the plaintiff introduced the testimony of Mr. Lloyd Do-mingue who had made repairs to plaintiff’s home in 1962 at a cost of about $4,000. He testified that after the hurricane the wallpaper was wrinkled and loosened and the other repairs needed. He submitted the estimate of storm damages as set forth above.
The defendant introduced the testimony of Mr. J. T. VanWay, a licensed civil engineer and building contractor since 1952. He testified he could find no evidence that the building had been twisted or moved in any manner whatsoever by the hurricane and that the wallpaper was wrinkled because plaintiff’s house is over 40 years old and when it was repaired the old wallpaper and cheesecloth were not replaced but were simply painted over. Mr. VanWay testified that the only storm-caused damage he could find was a small patch of roofing and a small area of ceiling tile in the living room and one of the bedrooms, the cost of repairing which would amount to about $44.
The issues are factual and the district judge simply gave greater weight to the testimony introduced by the defendant. Clearly, there is no manifest error in the judgment appealed.
As to penalties and attorney’s fees, there was a serious question as to whether any damages, above the sum of $50 deductible under the terms of the policy, was recoverable. Under the circumstances, the defendant insurer was not arbitrary in its refusal to pay.
The district judge assessed all court costs against the plaintiff, despite the fact that she was successful in obtaining judgment of $44. We think that even though her recovery was small, she is entitled to court costs.
For the reasons assigned, the judgment appealed is amended so as to assess the de *379 fendant with all costs in the lower court. Otherwise the judgment is affirmed. All costs of this appeal are also assessed against the defendant appellee.
Amended and affirmed.