## 45903.   GULF LIFE INSURANCE COMPANY
v. WILSON et al.

EBERHARDT, Judge. John C. Wilson, who had worked for a number of years as an agent for Gulf Life, held policies of life insurance with the company. He became seriously ill with terminal cancer and was hospitalized. On April 25, 1967, while still in the hospital he summoned Mr. NeSmith, another agent of Gulf, to the hospital and while NeSmith was there Wilson executed a request to the company to surrender one his policies for its cash surrender value, delivered the request to NeSmith and it was duly processed at Gulf's home office, following which a check for the cash surrender value was mailed to Wilson May 2, 1967. Wilson died May 5, 1967. Thereafter, Mrs. Wilson, the widow, who was named as beneficiary in the policy and who was executrix of Wilson's will, returned the check uncashed to Gulf Life and requested that the surrender request of her late husband be voided and that the policy be paid. This the company refused to do, and it issued another check payable to her for the cash surrender value, which she refused to accept. She brought suit on the policy, contending that the request for cancellation by Wilson had been executed when he was not mentally competent to transact any business and that it was therefore ineffective, and sought to have judgment for the face amount of the policy with interest, penalty and attorney's fees, charging bad faith in the company's refusal to pay.

The case was tried before a jury and a verdict for the plaintiff was returned for all items claimed. Gulf Life now appeals from the overruling of its motion for judgment n.o.v., and for new

trial. Appellee moves to dismiss the appeal because on two occasions orders for resetting the date for a hearing on the motion, each of which, as well as all others entered for this purpose, provided that "all rights [are] preserved under the order of the court dated January 2, 1970," were not entered or filed until after the date previously set for the hearing—one of the rights provided in the order of January 2, 1970 being an extension of the time for presenting the transcript of the evidence "up to and including the date of the ultimate and final hearing on this motion." *Held:*

1. The motion to dismiss is denied. It appears that there was delay by the reporter in getting out the transcript, which necessitated some 13 continuances and resetting of dates for a hearing on the motion. All save two of the orders were entered and filed on or before the date scheduled previously. In one instance the hearing had been set for April 6, and the order setting another date was not entered until the next day, April 7. In the other the hearing had been scheduled for May 15, and the order resetting it for another date was not entered until May 18. Appellee relies upon *DeKalb County v. McFarland,* 226 Ga. 321 (175 SE2d 20), but the language of the orders resetting the dates here makes that case inapplicable. In that case there was no preservation of the rights under the original order, nor does it appear that the original order had extended the time until the "ultimate and final hearing." Cf. *Azar v. Thuma,* 207 Ga. 444 (1) (62 SE2d 166).

2. The matter of whether the motions for judgment n.o.v. (pursuant to a proper motion for directed verdict) or for new trial should have been granted rests upon the question of whether there was a sufficient showing to make a jury issue of a deteriorated mental condition of Mr. Wilson on the date when the request for surrender of the policy was executed. Every man is presumed to have all his mental faculties and to be of normal and ordinary intelligence, and where it is contended that one who executed a contract was not competent to execute it, the burden is upon him who asserts the incompetency. Mental or physical impairment is never presumed. It must be proved. *Jones v. Smith,* 206 Ga. 162 (8) (56 SE2d 462); *Lee v. Augusta*

*Coach Co.*, 223 Ga. 72 (153 SE2d 429); *Ellis v. Southern R. Co.*, 89 Ga. App. 407, 414 (79 SE2d 541). The incompetency must be shown to have existed at the time of the execution of the instrument under attack. *Jones v. Smith*, 206 Ga. 162, supra. There have been many cases dealing with attacks on contracts, particularly deeds, under claim of incompetency of the grantor, and a reading of these leads to the conclusion that one is not to be held incompetent to execute a contract merely because of illness, or because he is not "bright," or because at times he was clear about matters and at others he was not. See, for example, *Hixon v. Myers*, 144 Ga. 408 (87 SE 475); *Thomas v. Lockwood*, 198 Ga. 437 (31 SE2d 791); *Whitley v. Coleman*, 207 Ga. 685 (64 SE2d 67); *Warren v. Warren*, 221 Ga. 227 (144 SE2d 115). It is the policy of the law, wherever possible, to uphold contracts and to uphold the capacity of one to enter into a contract. Contracts should and must have stability, and if they are to be set aside on claims of incompetency which are not substantiated, chaos results.

We have carefully read the evidence in this record. The plaintiff relied upon her own testimony to the effect that she had been with her husband daily during his illness, which began in January, and that his condition, both physically and mentally, had deteriorated to the point that she did not deem him competent to understand or transact business on the date the request was signed. The attending physicians, while not asserting his mental incompetency, did testify that his physical condition had greatly deteriorated, that he had become toxic and that this was bound to have affected his mental processes. One of them said that he would have been afraid to transact business with him on that date because he feared that Mr. Wilson might not have been able to comprehend its import. The other likewise expressed similar doubt as to his competency. A nurse testified that his mental condition had deteriorated, that he had become forgetful, often asking for his daily bath when he had had one only a short time before and that she regarded him as incompetent to transact business.

Mr. NeSmith, the Gulf Life agent who handled the request for surrender for Mr. Wilson, testified that on the occasion when

the request was signed Mr. Wilson was sitting up in bed, was freely conversing with people in an intelligent manner, and that he appeared to know and understand what he was doing in surrendering the policy.

It was brought out that Wilson had several policies of insurance with Gulf, some on the lives of members of his family and some on his own life. On previous occasions he had surrendered some of the family member policies, and after the surrender of this policy he still retained other insurance on his own life.

We conclude that this evidence was sufficient to make a jury issue—particularly when the rule is applied that after verdict the evidence is to be construed to uphold rather than to upset it, when that can reasonably be done. There was, therefore, no error in denial of the motion for judgment n.o.v., or of the motion for new trial on the general grounds.

3. Since there was a jury issue as to whether Mr. Wilson was mentally competent to execute the release, and a verdict was authorized for either plaintiff or defendant on that issue, it cannot be said that the defense of Gulf Life was frivolous or unfounded, or that it did not have a reasonable ground for contesting the claim. No bad faith appears in making the defense, and the award of penalty and attorney's fees was unauthorized. *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (8) (127 SE2d 454). Whether there is a reasonable ground for defending, and whether there may have been bad faith in denying the claim must depend upon the evidence as it appeared at the trial. *Interstate Life &c. Ins. Co. v. Williamson,* 220 Ga. 323 (138 SE2d 668); *Short v. McKinney,* 111 Ga. App. 557 (142 SE2d 398). If the evidence authorized a verdict for the defendant, or to put it another way, if the verdict could have gone for either party it does not authorize a finding of bad faith. *American Cas. Co. v. Seckinger,* 108 Ga. App. 262 (5) (132 SE2d 794); *Gulf Life Ins. Co. v. Howard,* 110 Ga. App. 76 (3) (137 SE2d 749); *Whitlock v. Interstate Life &c. Ins. Co.,* 112 Ga. App. 235 (144 SE2d 541); *U. S. Fidel. &c. Co. v. Biddy Lumber Co.,* 114 Ga. App. 358 (151 SE2d 466). That is the situation here.

The judgment is affirmed with direction that the judgment be modified to delete the penalty and attorney's fees, and since the

appellant has thus obtained a substantial modification of the judgment in the trial court, the costs on appeal are taxed against the appellee. *Equitable Life Assurance Soc. v. Gillam,* 195 Ga. 797, 807 (25 SE2d 686, 147 ALR 1008); *Hartley v. Hartley,* 212 Ga. 62 (90 SE2d 555); *U. S. Fidel. &c. Co. v. Luttrell,* 113 Ga. App. 176 (147 SE2d 647).

*Judgment affirmed with direction. Hall, P. J., and Whitman, J., concur.*

ARGUED JANUARY 13, 1971—DECIDED APRIL 8, 1971.

*Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Spencer Connerat, Jr., Robert S. Lanier,* for appellant.

*Allen, Edenfield, Brown & Franklin, James B. Franklin,* for appellees.