27020. SOKOLIC v. THE STATE.

ARGUED FEBRUARY 14, 1972—DECIDED MARCH 9, 1972.

*Aaron L. Buchsbaum, Robert Eugene Smith,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Andrew J. Ryan, III, Edward M. Buttimer, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.

GRICE, Justice. This appeal is from conviction and sentence of the appellant in the State Court of Chatham County on two charges of distributing obscene materials. The statute claimed to have been violated is Ga. L. 1971, pp. 344, 346 (*Code Ann.* § 26-2101 (a) and (b)). By one accusation the appellant Harry Michael Sokolic and William F. Sikes were charged with offering for sale nine paperback books alleged to be obscene; and by the second accusation they were charged with selling one paperback book entitled "The Gay Americans." The accusations alleged that the exhibition and sale occurred on April 19, 1971, at a book store in Savannah.

The statute upon which the prosecutions were based provides in essential part as follows: "A person commits the offense of distributing obscene materials when he sells, lends, rents, leases, gives, advertises, publishes, exhibits or otherwise disseminates to any person any obscene material of any description, knowing the obscene nature thereof, or

who offers to do so, or who possesses such material with the intent so to do: Provided, that the word 'knowing' as used herein shall be deemed to be either actual or constructive knowledge of the obscene contents of the subject-matter; and a person has constructive knowledge of the obscene contents if he has knowledge of facts which would put a reasonable and prudent man on notice as to the suspect nature of the material." *Code Ann.* § 26-2101 (a) (Ga. L. 1971, p. 344).

The trial was before the judge, without a jury, and involved extensive testimony. However, neither the appellant Sokolic nor Sikes testified or made an unsworn statement.

At the conclusion of the evidence both were found guilty and sentenced to twelve months in prison and a $1,000 fine on each accusation.

The only case on appeal is that of Sokolic.

The appellant enumerates as error, in essence, the following: finding him guilty because the evidence did not establish his guilt or connection with the alleged offense beyond a reasonable doubt; that the publications were not obscene as a matter of law; that the books were not proved to be obscene under the requisite community standards; overruling his "Consolidated motion to dismiss or demurrer to accusations" because of designated constitutional contentions not necessary to relate here; overruling his "Motion to suppress and consolidated motion to suppress" complaining of his arrest without a prior adversary hearing; and the admission of certain testimony not necessary to recount here.

As we appraise the issues, that which is controlling is the one insisting that the evidence did not establish his guilt or criminally connect him with the alleged offense beyond a reasonable doubt.

In dealing with it, we begin with a fundamental precept in the administration of criminal justice. "Every person is presumed innocent until proved guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt." *Code Ann.* § 26-501 (Ga. L. 1968, pp. 1249, 1266.)

The only evidence introduced by the State seeking to connect the appellant with the alleged offenses was his application to the City of Savannah for a business license as president of Coastal Book Mart, Inc. This was dated July 1, 1969, almost two years before the sale and exhibition involved here. This same application also showed that Jim Jaynes, not the co-defendant William F. Sikes, was the manager or operator of the business on that date.

The State maintains that this application constituted prima facie evidence that the appellant was president of Coastal Book Mart, Inc. on April 19, 1971.

It argues that this is so because under the doctrine of continuity "a state of things proved to have once existed is presumed to have continued to exist until a change or some adequate cause of change appears." See in this connection, *Lee v. Augusta Coach Co.,* 223 Ga. 72 (153 SE2d 429).

It then insists that once it was proved that the appellant was president of Coastal Book Mart, Inc. on July 1, 1969, the State could rest its case on that element and shift the burden to the appellant to rebut that presumption.

We cannot agree.

The presumption of continuance as referred to above is not applicable to criminal cases because in them the presumption of innocence is inviolate.

It should be pointed out that the appellant had the right to remain silent in view of this presumption of innocence. This principle was stated in *Mills v. State,* 133 Ga. 155, 158 (65 SE 368), as follows: "'While presumptions arise under certain proved facts that a criminal charge against the accused is well-founded, such presumption can never arise except upon *proved facts;* and the principle given to the jury [in effect, present *Code* § 38-119] is . . . entirely inapplicable to criminal cases. In effect, it tells the jury that if the defendant had evidence by which he might repel or rebut the charge and failed to introduce it, the presumption then arises that he is guilty. This violates the fundamental principle of criminal law that the guilt of the accused must be shown by competent evidence, before a conviction can be

legally had. One accused of crime has a right to stand mute; and unless it affirmatively appears by the evidence that he is guilty, he can not be legally so held. The presumption of law is that he is innocent, and this presumption remains until he is proved to be guilty.'" (Emphasis supplied.)

A study of this record requires the conclusion that the prosecution failed to carry the burden of establishing the contentions in the accusations beyond a reasonable doubt.

In this respect the testimony of an employee of the City Marshal's office in Savannah is quite significant. She testified that the business licenses issued by that office do not purport to show current or accurate information; that these licenses are automatically renewed each year, but that only if the city is notified that someone is no longer connected with the business will the license be corrected to show the current owner or officer. She knew of some persons who had been deceased for years (one for thirteen years) whose names still appeared on the renewed business license. There was no evidence that the appellant had ever been in this book store. An assistant district attorney related that he had been in the Coastal Book Mart several times and had never seen the appellant there. Several police officers testified that they had been there on more than one occasion, but none stated that the appellant was ever present. The warrant issued for his arrest was served upon him in Atlanta, Georgia, where he resides.

In sum, there was no proof that the appellant had *any connection whatever* with Coastal Book Mart, Inc. since July 1, 1969 (the date of the application) until the alleged offenses on April 17,1971.

Therefore it is unnecessary to determine whether the material involved here was obscene or to decide any other issue.

*Judgment reversed. All the Justices concur.*