## 48967. PETERS v. THE STATE.

EBERHARDT, Presiding Judge.

Jimmie Lee Peters was indicted, tried and convicted of burglary. The evidence reveals that an eyewitness who lived in an apartment on the ground floor and immediately below the one which was broken into and from which a stereo was removed and taken away in a pickup truck, identified the defendant as one of two men who committed the offense. She asserted that he passed by the entrance to her apartment, saw her and spoke, saying "Hi baby." She had not previously known him but because of this conduct she noted especially his appearance, including his face, his dress, etc. She heard a breaking in of the door to the apartment above and looked in that direction, and later saw the defendant and another come out of the apartment, bring a stereo, load it into the pickup truck and carry it away. She was positive in her identification of the defendant, giving details.

Defendant denied that he had committed the burglary and asserted that he and a friend had been riding around in another part of town at the time.

Defendant's brother-in-law, named Clark, testified that he owned a 1964 Ford pickup truck, such as the eyewitness claimed to have seen, but that the defendant had no authority on the date of the burglary to use it, though he could not say where it may have been at the time.

The occupant of the apartment testified that he owned the stereo and that the apartment had been entered and the stereo removed without his knowledge or consent. *Held:*

1, 2, 3. The enumerations of error as to the general grounds are without merit. There is ample evidence to sustain the verdict of guilty.

4. When interviewing an eyewitness to the burglary a policeman obtained a description of the party whom she had seen removing a stereo from an apartment, and when testifying the policeman was asked whether he had obtained from the eyewitness a description of the party and he replied that he had. He was then asked "On the basis of what description was given —" and counsel for the defense interposed an objection "that would be hearsay," which was overruled. The witness then stated, without any further question, or objection, "Colored male, approximately sixty-one or sixty-two, wearing a goatee beard type, small afro, probably 21 or 22 years old, and wearing a red jump suit."

Error is enumerated on the ground that "the court erred in allowing the introduction of hearsay evidence."

It is obvious that the district attorney was attempting to inquire of the witness something as to what he had done on the basis of the description of the burglar which had been given him by the eyewitness, but the objection was interposed before the question was completed. The question at the point when the objection was interposed did not seek to elicit hearsay evidence, and the objection was properly overruled.

After the overruling of the objection the witness proceeded to relate what description had been given him by the witness. This would have been hearsay, though admissible for explaining conduct. Code § 38-302; *Estes v. State,* 224 Ga. 687, 688 (164 SE2d 108); *Caraway v. State,* 72 Ga. App. 504 (2c) (34 SE2d 303). In any event there was no objection made to the description as related,

and the enumeration is without merit.

5. The state recalled a witness for further examination. Counsel objected, stating that if the witness was to be recalled "I want to know for what purpose," and when the district attorney started to explain, saying "The witness is being recalled —" defendant's counsel interposed "Your Honor, I object to him explaining what he wants with her." The objection was overruled, and without further explanation the witness testified that the truck into which she had seen the stereo, etc. placed had been a small pickup with "Clark Duct and Wrapping Company, Tucker, Georgia" lettered on the side.

Defendant's counsel then moved to strike the testimony because it had not been in rebuttal to anything. The motion was denied.

Enumeration of error No. 5 is on the ground that "the court erred in allowing the State to recall a witness for improper purposes."

The enumeration is without merit. Allowing the recall of witnesses, even after both sides have closed, is within the sound discretion of the trial judge. Code § 24-3388; *Cothran v. Forsyth,* 68 Ga. 560 (2); *Hollingsworth v. State,* 79 Ga. 605 (2) (4 SE 560); *Butler v. State,* 226 Ga. 56 (9) (172 SE2d 399). The evidence elicited was additional to prior testimony, not merely repetition, and was admissible.

6. Enumeration No. 6 asserts that the court failed to give a proper charge regarding alibi. The charge given was that "alibi involves the impossibility of the defendant being present at the scene of the offense at the time of its alleged commission. Evidence as to alibi should be considered by the jury in connection with all the other evidence in the case, and, if upon considering the evidence as a whole, the jury should entertain a reasonable doubt as to the guilt of the accused, it would be their duty to acquit him." This meets the standard of the alibi charge which was approved in *Paschal v. State,* 230 Ga. 859, 860 (199 SE2d 803). See also *Johnson v. State,* 228 Ga. 860 (188 SE2d 859); Code § 38-122.

7. The charge relative to the matter of identification of the defendant by a witness, asserting that it was the duty of the state to prove the identity

beyond a reasonable doubt, and that in evaluating identification testimony of a witness the jury should consider whether the witness had the capacity and opportunity to observe the accused, and that this would be affected by how long or short a time was available for observing him, how far or close he may have been, what the lighting conditions were and whether the witness had formerly known the accused. Cf. *Pryer v. State,* 128 Ga. 28 (57 SE 93).

Error is asserted on the ground that this charge was argumentative and amounted to stating an opinion as to the evidence. We do not so find it. The enumeration is without merit.

8. Error is enumerated on the failure of the court to charge the principle of Code § 38-119 relative to the state's failure to produce a witness and the presumption arising. It has been held many times that this principle is "entirely inapplicable to criminal cases." *Sokolic v. State,* 228 Ga. 788, 790 (187 SE2d 822).

9. The supplying to the defendant or his counsel of a list of the convictions, pleas, etc. to stated offenses, indicating the court in which these occurred, the date and number of each of them, is a sufficient notice to the defendant of what the state expects to rely upon and of what it will tender in evidence in aggravation upon the sentence portion of the bifurcated trial. It meets the requisites of Code Ann. § 27-2534.

10. Enumeration of error No. 10 asserts that the court erred in permitting the district attorney to "make unchecked prejudicial statements to the jury during the sentencing phase of appellant's trial." We are not directed to the particular statements referred to. Moreover, a reading of the record indicates no objection made during the district attorney's argument in the sentencing phase. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221); *Cochran v. State,* 213 Ga. 706 (100 SE2d 919).

11. Defendant's counsel moved for a mistrial at the close of the sentencing phase of the trial on the ground that the court had "placed an undue burden on defense counsel," relative to the matter of whether he should make some statement to the jury. It appears that counsel had inquired as to whether the court thought he should do so, and the judge told him that it would be too great

a burden on the court to answer, and that he should consider the matter in the light of the case made — that every case stands on its own bottom. We find no error.

*Judgment affirmed. Pannell, J., concurs. Evans, J., concurs specially.*

Submitted January 14, 1974 — Decided April 1, 1974.

*Harrison, Martin, Childs & Foster, Mobley F. Childs,* for appellant.

*Richard Bell, District Attorney, George N. Guest,* for appellee.

Evans, Judge, concurring specially.

The majority opinion in Division 8 asserts that it has been held many times that the principles laid down in Code § 38-119 (failure to produce an available witness, and the presumption arising therefrom) is "entirely inapplicable in criminal cases. *Sokolic v. State,* 228 Ga. 788, 790 (187 SE2d 822)." This language is found in some of the decisions by our Georgia courts on this question, but in each case that I have read on the subject, the application is to the *defendant's* failure to produce such witness. A great many cases are cited in the annotations under Code § 38-119 under the key-word "criminal cases." I find no cases holding that the *state or prosecutor* is excused from producing witnesses under this statute.

At first blush this might appear unfair to the state. However, a defendant is presumed to be innocent, and the burden is on the state to prove him guilty beyond a reasonable doubt. Our courts in general carefully refrain from placing any burden on the defendant during the trial of his case, with a corresponding restraint in charging the jury that there is a burden on the defendant. There are, of course, some exceptions. But Code § 38-119 does not appear to be one of them.

But, I readily concur with the majority in affirming the trial court. The transcript (pp. 108-109), shows that defendant, in suggesting that the court should go back and charge on this subject, did not file a written request; nor did he apprise the court of the particular situation or name of the absent witness, where the state had failed

to call a witness to repel a claim or charge against the state. It has been held that Code § 38-119 does not apply where the absent witness is just as accessible to one side as to the other. *Atlanta &c. Cab Co. v. Atlanta Taxicabs,* 104 Ga. App. 89 (3) (121 SE2d 175). If the name of the missing witness had been given to the trial judge, he could have determined whether the witness was less accessible to the defendant than to the state.

But it is my opinion that where the *state* fails to produce a witness, by which it may repel a charge or claim that has arisen against its contentions or position during the trial; and where such witness is more accessible to the state than to the defendant, *upon written request by defendant* the trial judge would be required to charge Code § 38-119 to the jury.