345 So.2d 202 (1977)
Mrs. John B. ICKLONE, Plaintiff and Appellant-Appellee,
v.
TRAVELERS INDEMNITY COMPANY, Defendant and Appellant-Appellee.
No. 5852.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Rehearing Denied May 10, 1977.
Writ Refused June 15, 1977.
Woodley, Fenet & Ranier by Robert W. Fenet, Lake Charles, for defendant and appellee-appellant.
Raleigh Newman, Lake Charles, for plaintiff and appellant-appellee.
Before CULPEPPER, WATSON and STOKER, JJ.
CULPEPPER, Judge.
The plaintiff, Mrs. John B. Icklone, filed this suit against her homeowners insurer, Travelers Indemnity Company, for benefits due under the windstorm coverage of the policy. She contends the roof was damaged by a windstorm and that as a result water leaked into the dwelling and damaged the interior. Defendant contends the roof was not damaged by windstorm, but instead that it was an old roof and simply wore out. A jury awarded plaintiff $2,269.47 under the policy. The jury also awarded plaintiff penalties and attorney's fees. Pursuant to a pretrial stipulation, the district judge fixed the amount of the attorney's fees in the sum of $1,100. Plaintiff appealed, seeking an increase in attorney's fees. Defendant also appealed, seeking reversal both as to the benefits awarded and the attorney's fees.
The issues are: (1) Is there substantial evidence supporting the finding of fact by the jury that the roof was damaged by windstorm? (2) Does the evidence support the award of penalties and attorney's fees?
The general facts are that the house was built in 1932 and purchased by plaintiff in 1944. After Hurricane Audrey in 1957, the house was reroofed entirely with asbestos shingles. In 1966 a coating of aluminum fiber was placed on the roof to prolong its life. In 1970 a portion of the roof was replaced.
Mrs. Icklone and her son and daughter testified that immediately prior to the windstorm in question on May 31, 1974, the roof was not leaking. Plaintiff's contention that the windstorm damaged the roof is based on the following testimony: Mr. William L. Franks, a meteorologist with the National Weather Service in Lake Charles, testified that on the day in question there was a 2.2 inch rain and at least 2 funnel *203 clouds were sighted in the area, indicating tornadoes. Plaintiff testified that she was in Crowley and heard of the tornadoes near Lake Charles and returned to see about her home. She says she found many limbs had been broken from trees in her yard and that there was evidence of a strong wind. She called her son from Houston and he came about a week later and examined the roof. Plaintiff's son testified he found shingles had been blown loose from the roof, that a portion covered by rolled roofing had been torn and that broken limbs had punctured the roof in several places. He made temporary repairs with plastic materials. Plaintiff's sister also went into the home soon after the storm and saw the evidence of water damage to the ceilings, walls and floor. Mr. Gregory Palumbo, a roofing contractor, testified that plaintiff called him in the early part of September, 1974. He examined the roof and found it was damaged by windstorm and advised her to call her insurer. After the defendant insurer refused to repair the roof, Palumbo replaced the entire roof at a cost of $3,675.
The contention of the defendant that the roof was not damaged by windstorm is based on the following evidence: Parts of the roof were old, some having been on the house since 1957. Mr. Phil Ribbeck, a roofing contractor, examined the roof in June of 1974, apparently at the request of plaintiff's daughter. He testified that on that occasion he found roofing of three different ages, some of which was worn out, and that a new roof was needed. He said he found no evidence of wind damage. Later, in September of 1974, he examined the roof again, along with Mr. Cagnina, an independent insurance adjuster, and Mr. Rowland, defendant's adjuster. Mr. Ribbeck testified that on this occasion he particularly examined for wind damage and found none. Mr. Cagnina testified to the same effect. Defendant also called as witnesses several of plaintiff's neighbors who testified that they had no wind damage to their roofs on the day in question.
From the above brief resume of the testimony, it is apparent that the factual issue of whether the roof was damaged by a windstorm was decided by the jury largely on the basis of its evaluation of the credibility of the witnesses. As far as our appellate review is concerned, there is clearly a reasonable evidentiary basis to support this factual conclusion of the jury. Canter v. Koehring Company, La., 283 So.2d 716 (1973).
The more serious question is whether the jury erred in awarding plaintiff penalties and attorney's fees. The applicable law was recently stated by this court in Reed v. United States Fidelity & Guaranty Company, 302 So.2d 354 (La.App. 3rd Cir. 1974) as follows:
"The award of penalties and attorney's fees made by the jury verdict and the judgment of the trial court is based on LSA-R.S. 22:658, which makes insurers liable for penalties and attorney's fees when they fail to pay a claim within 60 days after receipt of proof of loss and demand, provided the failure to pay is found to be arbitrary, capricious or without probable cause. The statute is penal in nature and it must be strictly construed. Nichols v. Iowa Mutual Insurance Co., 232 La. 856, 95 So.2d 338 (1957); Cryer v. Gulf Insurance Co., 276 So.2d 889 (La.App. 1 Cir. 1973). Penalties may not be assessed merely because the insurer is the unsuccessful litigant in the lawsuit. They may be assessed only where the failure to pay is arbitrary, capricious and without probable cause. Headrick v. Pennsylvania Millers Mutual Insurance Co., 257 La. 1101, 245 So.2d 324 (1971).
Where there is a serious dispute as to the nature of the loss, thus leaving the question of coverage in doubt, the insurer's refusal to pay the claim is not arbitrary, capricious or without probable cause. Guidroz v. General Accident Fire & Life Insurance Corp., 216 So.2d 377 (La.App. 3 Cir. 1968); Creole Explorations, Inc. v. Underwriters at Lloyd's, 245 La. 927, 161 So.2d 768 (1964)."
From the above resume of the testimony, it is apparent that there was a serious question of fact as to whether the roof was *204 damaged by a windstorm. Although the jury decided in plaintiff's favor, on the basis of the jury's evaluation of the credibility of the witnesses, the defendant was not arbitrary, capricious or without probable cause in denying the claim. We conclude the jury was manifestly erroneous in awarding penalties and attorney's fees.
For the reasons assigned, the judgment appealed is reversed and set aside insofar as it awards to plaintiff penalties and attorney's fees. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the defendant insurer.
AFFIRMED IN PART, REVERSED IN PART.
WATSON, J., concurs and assigns reasons.
WATSON, Judge, concurring:
I am in complete agreement with the majority's decision that there is no manifest error in the jury's conclusion that plaintiff has a valid claim for windstorm damage. Because I have considerable reluctance about reversing the award of penalties and attorney's fees, I add the following brief comment.
There was considerable evidence on both sides of the windstorm claim. Plaintiff's case on the merits cannot be said to be overwhelming; the jury resolved issues of credibility to decide the case. When that situation is present, it is very difficult to affirm the casting of an insurer for penalties and attorney's fees. Penal statutes are strictly construed under the law. Only when the insurer is clearly arbitrary and capricious, may penalties be assessed. Therefore, I concur.