In its extended opinion on application for rehearing, a majority of this Court addresses a procedural matter, and states the following:
 [W]e believe the better view to be that if a complaint has more than one count and the defendant believes that the evidence is not sufficient to support one or more of those counts, he must challenge this by motion for directed verdict, specifying the count which is not supported by evidence and detailing the grounds upon which the particular count is not supported by the evidence with specificity.
I have no quarrel with that statement.
The majority then writes, "[A]s to the tort of bad faith refusal to pay an insurance policy, we find that defendant did argue with sufficient specificity." Again, I think the majority is correct.
However, I differ with the majority when it concludes: "On the other hand, our review of the evidence leads to the conclusion that there was ample evidence to support the judge's submission of this [bad faith] count to the jury." Unfortunately, the majority does not set out in its opinion a summary of the evidence it feels supports a claim of bad faith refusal to pay an insurance claim, but only that evidence supporting a fraud count. My own review of the evidence compels me to conclude that it simply does not support a claim for bad faith refusal to pay.
I agree that there is evidence in this case which, if believed by the jury — and the jury apparently did believe the plaintiff's evidence — would support a finding of fraud. In short, the plaintiff says she told the company's agent, when answering questions on the policy application, that she had previously suffered from diabetes, kidney stones, and high blood pressure. The majority notes that this was "disputed" by the defendants. The plaintiff then says the company's agent told her he could "fix it [the policy] where it would definitely pay." Again, the majority notes, the defendants "denied" this contention. So we have a classical case for a jury's determination: an everyday courtroom swearing match where plaintiff says "You did" and defendant says "I didn't either." As the majority says, the jury believed the plaintiff. That is sufficient to support plaintiff's fraud claim; but all of that hardly approaches the question of a bad faith refusal to pay an insurance claim as that cause of action has been recognized by this Court and by other courts.
Proof of a fraud in this context merely shows that a defendant took a plaintiff's premium payments without in fact insuring the plaintiff; it does not establish that the defendant either has refused to settle a lawful claim while having "no lawful basis for refusal coupled with actual knowledge of that fact" or has made an "intentional failure to determine whether or not there was any lawful basis for such refusal." Chavers v. National Security Fire Cas. Ins. Co.,405 So.2d 1 (Ala. 1981). *Page 140 
One should not conclude, in a case like the present one, that because there has been a tort of fraud there must ipso facto be also the tort of bad faith failure to pay. Indeed, there may not be room in such a case for both torts, for the essence of a fraud is a misrepresentation which plaintiff relies on to his or her detriment — in this context, that means that plaintiff must have relied on a representation that she was getting insurance when she in fact was not getting insurance. The essence of the tort of bad faith is that the defendant has failed, without good reason, to pay a claim it knows is valid. If the proof of fraud shows there was in fact no insurance provided to the plaintiff, by what reasoning can the defendant be found to have willfully failed to pay an unquestionably valid claim? It would seem that in a case like this, proof of the fraud will disprove the other tort — for if the plaintiff has suffered a detriment by reliance on the misrepresentation, it is because the defendant has in fact not insured her, and if there is no insurance there can be no wrongful failure to pay an insurance claim; on the other hand, if plaintiff proves a bad faith failure to pay a valid claim, it can be only because plaintiff got her insurance, and if she did then she apparently did not suffer as a result of the alleged fraud.
In other words, I am not certain that both theories can be factually supported in the same case. It appears, however, that the majority has assumed that the very facts which show fraud also prove a bad faith failure to pay a claim. It would probably be logically inconsistent for the jury to find both torts in the context of this case.
However all of those matters may be, I am certain that inthis case the evidence proving fraud cannot be used to prove the tort of bad faith failure to pay an insurance claim. In this case the plaintiff's claim to any entitlement at all was dependent upon her claim that she informed the agent of her pre-existing health impairments — and this claim was disputed by defendants' evidence — and possibly upon her further claim that the agent said he could "fix it" so the policy would pay anyway — and again, this claim was also disputed by defendants' evidence. There is no doubt that the jury, on the same evidence, could have found for the defendants. Thus, until the jury found for the plaintiff, it could not be said that there was a valid claim which the defendant insurer could have wrongfully failed to pay. See Gulf Atlantic Life Ins. Co. v.Barnes, 405 So.2d 916 (Ala. 1981) (Maddox, J., dissenting in part). If it could not be said until after the jury's verdict that the insurer had any liability, then how could the insurer be held to have knowingly and wrongfully denied a valid claim long before the lawsuit was filed?
The rule in other jurisdictions in regard to bad faith cases such as this is well stated in a Louisiana case:
 Where the insurer has a reasonable ground to believe that its defense is valid, its refusal to pay a claim is not considered as "without just cause" subjecting it to penalties, even though the defense is subsequently not upheld by the court.
Mistric v. Republic Nat. Life Ins. Co., 314 So.2d 472 (La.App. 1975). That Louisiana court was dealing with a statutory penalty, as was the Missouri court which wrote:
 An insurer may question an issue and contest an issue of fact relating to its liability if it has reasonable cause to believe and does believe that there is no liability under its policy and that it has a meritorious defense. Of course, the mere fact that the judgment is adverse to the defendant is not a sufficient reason for imposing the penalty.
Welch v. Western Cas. Surety Co., 567 S.W.2d 743, 748
(Mo.App. 1978). This principle is not altered by its application in the present case, which does not involve a statutory penalty. "The . . . penalty is not to be imposed merely for the reason that it turned out at the trial . . . there was, in reality, no reason for denial of liability," Kochv. Prudential Ins. Co., 205 Kan. 561, 470 P.2d 756 (1970).
It is clear that in this case the jury hearing the facts could have found for either side. The courts in other jurisdictions dealing *Page 141 
with this problem have applied the principle that where the evidence at trial presents a jury question as to the insurer's liability, there is a reasonable ground for the defense and thus there can be no "bad faith" finding — unless, of course, the defense itself was made in bad faith. For example, the Georgia Court of Appeals has written:
 Since there was a jury issue as to whether Mr. Wilson was mentally competent to execute the release, and a verdict was authorized for either plaintiff or defendant on that issue, it cannot be said that the defense of Gulf Life was frivolous or unfounded, or that it did not have a reasonable ground for contesting the claim. No bad faith appears in making the defense, and the award of penalty and attorney's fees was unauthorized.
Gulf Life Ins. Co. v. Wilson, 123 Ga. App. 631, 181 S.E.2d 914
(1971). There can be no "bad faith" liability where the evidence indicates a legitimate controversy as to whether benefits are due. Lee v. Insurance Co. of North America,397 F. Supp. 426 (E.D.Tenn. 1974).
The matter has been stated very simply: "If the evidence authorized a verdict for the defendant, or to put it another way, if the verdict could have gone for either party it does not authorize a finding of bad faith." Gulf Life Ins. Co. v.Wilson, 123 Ga. App. 631, 181 S.E.2d 914 (1971). See also,Icklone v. Travelers Indemnity Co., 345 So.2d 202 (La.App. 1977). I submit that this is the case here; the evidence was disputed and the jury's verdict could have gone either way.
Since the record in this case does not disclose any evidence of the elements of a bad faith refusal to pay under our decisions in Chavers and Barnes, it was error to submit this claim to the jury. The jury could not possibly have made a finding of "bad faith" without hearing evidence directed toward that question. The fact that the defendants lost on the disputed fraud issues is not proof of bad faith, Welch v.Western Cas. Surety Co., supra; yet that seems to be what the majority concludes.
For these reasons I must respectfully dissent.