## FLETCHER *v.* THE STATE.

In a very close case on the facts, where the testimony adduced by the accused of arson tended to show that at the time of the alleged burning he was three fourths of a mile distant, asleep, he having been indicted as one of the principal offenders, the issue of *alibi* should have been given in charge to the jury, though the attention of the judge was not called thereto; and this theory not having been presented, the ends of justice require a new trial.
July 7, 1890.

Arson. Criminal law. *Alibi.* Charge of court. Before Judge FORT. Sumter superior court. May term, 1889.

Reported in the decision.

L. J. BLALOCK and C. W. BASS, for plaintiff in error.

CLIFFORD ANDERSON, attorney-general, and C. B. HUDSON, solicitor-general, by HARRISON & PEEPLES, *contra.*

BLANDFORD, Justice.

This was an indictment for arson. The plaintiff in error was convicted, and moved the court for a new trial. The main assignment of error in this case is that the court failed or refused to charge the jury upon the question of the issue raised by the plaintiff in error of *alibi.* The evidence in the case is mainly circumstantial, although there appear some admissions or confessions made by the plaintiff in error. The testimony which he adduced on the trial of the case tended to show that at the time the house is alleged to have been feloniously burned, he was some three fourths of a mile distant, asleep. Whether this testimony was true or not, we cannot say; but we do think it presented an issue as to whether the plaintiff in error was present at the time the crime was committed. He was indicted as one of the principal offenders. We think this theory of the case should have been presented by the court to the jury. Indeed, the learned judge who tried the case says he overlooked this defence of the accused, and if it had been suggested to him, he would certainly have given it in charge to the jury. We think this was a mistake by the court, and also a mistake on the part of counsel for the accused in not calling the attention of the court to this issue. The charge of the court upon the other points in the case mainly is fair and impartial, and the rights of the accused seem to have been properly guarded by the court. Yet, this being a very close case upon the facts, we think, under the circumstances, the ends of justice require another trial. It may be that the plaintiff in error has more to risk

than the State in asking for this new trial; but we think, under the facts, it was his privilege so to do. So we feel ourselves constrained to grant a new trial in this case.                      *Judgment reversed.*