## 34226. CUTTS v. THE STATE.

DECIDED SEPTEMBER 16, 1952.

*Swift Tyler, Marvin O'Neal Jr., John Tyler, Andrew J. Scott,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank S. French, Charlie O. Murphy,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The single special ground of the amended motion for a new trial contends that the trial court erred even without request in failing to charge the rule of law applicable to the defense of alibi, the sole defense in this case. Code § 38-122 provides: "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." Where the testimony offered in support of the defense of alibi does not measure up to this requirement, failure to charge this principle

762

of law is not error. *Jones* v. *State,* 68 *Ga. App.* 210 (4) (22 S. E. 2d, 671). But where alibi is the sole defense, and the issue is sustained by evidence, failure to charge on the subject is error even in the absence of request. *Holland* v. *State,* 17 *Ga. App.* 311 (1) (86 S. E. 739); *Hobbs* v. *State,* 8 *Ga. App.* 53 (3) (68 S. E. 515). Witnesses for the State testified that the robbery took place within a few minutes of noon on October 1, whereas the witness for the defendant testified that the defendant was at his home from approximately 9:30 or 10 o'clock a.m. to approximately 1 p.m. on the same date. If the jury believed this witness, they would necessarily find that it was impossible for him to have robbed the apartment office at noon on that date. However, after stating twice that the defendant was at his home until approximately 1:00 p.m. the witness on cross-examination replied to a question that he couldn't say what time he left. A construction of this testimony is therefore necessary in deciding whether the testimony as a whole measures up to the requirements of the Code section, for if it be taken as meaning that the defendant might have left at ten, eleven or even later, the distances between the two points not being shown, the defense could not be held to have been sustained and it would not be error to fail to charge on this subject. *Bonner* v. *State,* 26 *Ga. App.* 185 (6) (105 S. E. 863); *Strickland* v. *State,* 38 *Ga. App.* 689 (1) (145 S. E. 539). However, an analysis of the testimony of this witness reveals no conflict. On direct examination he placed the defendant at his home between approximately 10 a.m. and approximately 1 p.m., he not knowing the exact time of arrival and departure. His testimony on cross-examination to the effect that he did not know when the defendant left his home that day is, therefore, not inconsistent with his testimony on direct examination, and should be construed with it. Under this construction, the defense was sustained if the jury believed it, and the error in failing to charge the law relating to alibi was prejudicial in failing to give the defendant the benefit of establishing this issue by a preponderance of the evidence rather than beyond a reasonable doubt, and further as constituting a defense which, although not established by a preponderance of the evidence, might cause the jury to have a reasonable doubt as to the defendant's guilt.

The evidence most favorable to the defendant's position should be considered in determining whether the defense of alibi is established sufficiently to make necessary a charge thereon. *Weaver* v. *State*, 199 *Ga.* 267 (2) (34 S. E. 2d, 163); *Mathis* v. *State*, 153 *Ga.* 105, 111 (111 S. E. 567). Fairly construed, the entire testimony of the defendant's witness clearly raised this issue, and failure to charge thereon was error.

This court has examined *Glover* v. *State*, 7 *Ga. App.* 628 (1) (67 S. E. 687); *Dale* v. *State*, 88 *Ga.* 552 (6) (15 S. E. 287) and other cases holding that "where the question of personal identity and the fact of alibi are virtually the same defense the omission of the court to instruct separately on alibi is not error." We do not believe this rule of law is to be considered a ruling that in every case where it was necessary for the defendant to be personally at the scene of the crime at the time where it was committed it is unnecessary to charge the law relating to alibi, since this would in effect make it unnecessary to charge on the subject under almost every circumstance where such charge would otherwise be pertinent. The ultimate issue in criminal procedure is the identity of the guilty party, and the fact that the defendant was positively identified by two witnesses as a perpetrator of the crime should not deprive him of the benefit of the testimony of another witness that he was elsewhere, so as to deprive the jury, in considering the case, of the rules of law applicable to such testimony. The question of personal identity and the fact of alibi are not so virtually the same defense in this case as to authorize the application of this rule.

The testimony of the State's witnesses as to the identity of the defendant was not any part of his defense. That constituted the State's evidence against him. His defense was that of alibi, which brings this case under the rule laid down in *Fletcher* v. *State*, 85 *Ga.* 666 (11 S. E. 872).

The trial court erred in failing to charge on the subject of alibi.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*