## 22471. YOUNG v. THE STATE.

CANDLER, Justice. Robert Young was indicted for murder in Fulton County. The indictment alleges that he killed Harold Ellington by shooting him with a pistol. He was convicted of that offense and sentenced to life imprisonment. He moved for a new trial on the usual general grounds and later amended his motion by adding four special grounds. The exception is to a judgment overruling his amended motion. *Held:*

1. There is no merit in the general grounds of the motion for new trial since the verdict was amply supported by evidence.

2. Special grounds 1 and 2 assign error on the court's permitting Mr. Spence who was conducting the trial of the case for the State, over timely objection, to cross examine Hattie Lester, a witness introduced by the State. These two grounds can therefore be considered together. While this witness was being directly examined, Mr. Spence stated in his place that he had been entrapped by the witness. In support of the motion, Mr. Spence stated to the court: "I state in my place I have a signed statement from this witness that was given to me by the Detective Bureau which I say is contradictory to

what she has now testified." Mr. Duke, counsel for the defendant objected on the ground that she had not then testified to anything which was contradictory of her written statement. But it is unascertainable from the approved brief of evidence whether she had or had not testified to anything which was contradictory of the statement she had given prior to the time Mr. Spence made his motion to cross examine her, but Mr. Spence in his motion to cross examine her stated that she had already testified to facts which were contradictory of her written statement. At this point the jury was retired and the witness, after examining her statement admitted that she had signed it and that it was true. On direct examination, while the witness was being questioned about what occurred immediately prior to the killing, the following questions were asked by the assistant solicitor general and answered by the witness: Q. "Did you hear or did you see anything between Robert Young and the deceased person, Horace Ellington?" A. "Not that morning, no, I didn't." Q. "Didn't you tell the police officers that he grabbed Horace Ellington, he, the defendant, Robert Young?" A. "No." Q. "Wait a minute, didn't you tell the police officers that Robert Young grabbed Horace Ellington and says, 'You drew a knife on me yesterday, now draw one on me today?'" A. "I told them that Robert made the statement but I didn't say he grabbed him." Q. "I will ask you to look at this statement right here. I will ask you if you didn't tell the police officers . . . just read that over and I will ask you if you didn't tell the police officers what you said in there?" A. "I did not state that he grabbed Horace. Now, I made this statement to the lady that was typing it up here in the jail but I didn't say he grabbed Horace. That wasn't in the statement." The statement which the witness admitted signing and which is a part of the record shows, among other things, the following: "I didn't see him [the defendant] any more until this morning when he came in the door at 748 Washington Street. He grabbed Horace Ellington and says, 'You drew a knife on me yesterday.' Said, 'Draw one on me today.' I ran out the door to get the police. I heard shots. I heard my sister scream, 'Don't shoot no more, you'll shoot the children. . .'" Since we think there is a material conflict between the testimony of the witness Lester and her statement to the Detective Bureau, we cannot hold that the court abused its discretion

in permitting or allowing the solicitor general to cross examine her. *Code Ann.* § 38-1801 (Ga. L. 1947, p. 568); *Code* § 38-1706. *Mitchell v. State*, 202 Ga. 247 (5) (42 SE2d 767); *Sparks v. State*, 209 Ga. 250 (2) (71 SE2d 608); and *Peurifoy v. State*, 53 Ga. App. 515 (2) (186 SE 461).

3. Ground 3 assigns error on the allowance in evidence of the written statement which the witness Hattie Lester made to an officer of the City of Atlanta's Detective Bureau. Respecting this assignment, the transcript certified to this court shows: By Mr. Spence: "I tender in evidence State's Exhibit No. 1, being a statement by Hattie Lester that we contend was contradictory to what she has now sworn." By the court: "Any objection?" By Mr. Duke: "He is putting in what?" By Mr. Spence: "Hattie Lester's statement that she says she signed." By Mr. Duke: "Well, I don't know about that. I don't mind it going in but at the same time I doubt whether it's admissible. In the first place, it is not impeaching in its character, she is his witness, you are impeaching your own witness." By the Court: "I will let it in, let it go in." Since admission of the statement was not objected to by counsel for the defendant when it was offered in evidence, this assignment of error is not meritorious; and this is true notwithstanding he states in this special ground of his motion that he objected to the introduction of the statement when it was offered in evidence and had several times during the trial objected to the introduction of it in evidence. If he objected to its introduction, he should have objected to it when it was actually offered in evidence, or later moved that it be ruled out of evidence. If there is a conflict between the facts recited in this special ground of his motion for new trial and the approved brief of evidence, the latter is controlling. See *Teague v. Teague*, 198 Ga. 239 (2) (31 SE2d 409).

4. Special ground 4 alleges that the court erred in charging the jury as follows: "You are to weigh the opposing testimony and evidence, and at last say whether you will discredit the testimony of the witness sought to be impeached and consequently give credit to that introduced by way of impeachment, or whether you will discredit that introduced by way of impeachment and credit the testimony of the witness thus attacked." Movant alleges that the portion of the charge complained of was abstractly incorrect; that it authorized the jury to either accept the testimony given by Hattie Lester

from the witness stand or to accept the irrelevant, immaterial and incompetent testimony contained in the statement she had made to the police officers; that it authorized the jury to accept as having probative value relevant to his case evidence contained in her statement which related to matters of a prejudicial and harmful nature, wholly irrelevant and immaterial to the issues in his case; that her statement was allowed in evidence solely for the purpose of impeaching her and could be used for no other purpose; and that it was not adapted to the facts of his case and it was for that reason confusing and misleading to the jury. Since Hattie Lester's written statement was introduced in evidence solely for the purpose of impeaching the sworn testimony she gave on the trial, surely the jury must have understood from the entire charge given on impeachment that her written statement could be used by them for no purpose other than determining her credibility as a witness who had testified on the trial. So when the extract complained about is considered in connection with the entire charge which the court gave on the subject of impeachment, we do not think it is subject to the criticism lodged against it. Hence, there is no merit in this special ground of the motion.

5. For the reasons stated in the preceding divisions of this opinion, we hold that the court did not err as contended in overruling the amended motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 11, 1964—DECIDED JUNE 1, 1964.

*Daniel Duke*, for plaintiff in error.

*William T. Boyd, Solicitor General, J. Walter LeCraw, Wm. E. Spence, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General*, contra.