26198. SMITH v. HIGHTOWER.

Argued December 14, 1970—Decided January 7, 1971.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Courtney Wilder Stanton, Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for appellant.

Rudolph O. Hightower, *pro se.*

Mobley, Presiding Justice. Rudolph O. Hightower brought a petition for habeas corpus asserting that his sentence of life imprisonment on a murder charge was illegal because the judge's charge on his trial on the defense of alibi violated his right to due process under the Fourteenth Amendment of the Consitution of the United States. The judge hearing the habeas corpus proceeding declared that the sentence was void for the reason asserted, and directed that he be retried on this charge. The respondent warden appealed from this judgment, enumerating as error the finding that the charge on alibi violated the constitutional rights of the appellee.

The charge on alibi was as follows: "Now, ladies and gentlemen, alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. The range of evidence in respect to time and place must be such as to reasonably exclude the possibility of such presence. An alibi, as a defense, must establish to the reasonable satisfaction of the jury, and must be such as to reasonably exclude the possibility of the presence of the defendant at the scene of the offense at the time of its commission. Now, if and when so established and to the rea-

sonable satisfaction of the jury, it would be the duty of the jury to acquit. Evidence as to alibi should be considered by the jury in connection with all the other evidence in the case and if, on considering the evidence as a whole the jury should entertain a reasonable doubt as to the guilt of the accused, it would be their duty to acquit."

In *Shoemake v. Whitlock,* 226 Ga. 771 (177 SE2d 677), where the applicant for habeas corpus complained of a similar charge on alibi, and asserted that the alleged erroneous charge on his sole defense of alibi denied him due process of law under the Fourteenth Amendment of the United States Constitution, this court held that the applicant could not raise this question in a petition for writ of habeas corpus. That case is controlling here and would require a reversal of the judgment.

We point out, however, that this court in *Thornton v. State,* 226 Ga. 837 (178 SE2d 193), distinguished the charge there under consideration as to establishing the defense of alibi to the reasonable satisfaction of the jury, from the charge considered in Johnson v. Bennett, 393 U. S. 253 (89 SC 436, 21 LE2d 415), and held that the charge on establishing the defense of alibi to the reasonable satisfaction of the jury did not shift the burden of proof to the defendant, in violation of his constitutional rights.

The trial court erred in holding that the life sentence of the appellee was void because of the instruction on alibi given on his trial for murder.

*Judgment reversed. All the Justices concur. Felton, J., concurs specially.*

Felton, Justice, concurring specially. I concur specially because I am bound by the decision in *Thornton v. State,* 226 Ga. 837 (178 SE2d 193).