27068. JOHNSON v. THE STATE.
27069. SAWYER v. THE STATE.

UNDERCOFLER, Justice. Each of the appellants was convicted in the Superior Court of Fulton County on four counts of armed robbery and sentenced to five years on each count to be served consecutively. The appeals are from the judgments of conviction and sentences entered thereon and from the overruling of their motions for new trial. *Held:*

1. The appellants contend their motions for new trial should have been granted because the verdict is contrary to the weight of the evidence and contrary to the law since the State's evidence did not positively identify the appellants as the perpetrators of the crime nor did the

evidence positively identify the shotgun introduced in evidence.

The evidence shows that Gigi's Pizza Restaurant was robbed on July 4, 1971, by three men, one of whom entered the front door with a pistol in his hand and another came through the backdoor brandishing a sawed-off shotgun. The customers and employees in the restaurant were ordered to the front of the restaurant by the men at gunpoint, told to lie face down on the floor and not raise their heads, to lie still or they would be shot, and to hand over their wallets, watches and jewelry. The robbers took the money from the cash register, and took wallets, credit cards, jewelry and money from several of the customers and employees. The indictment against the third co-indictee was nol prossed on motion of the district attorney.

(a) Each of the appellants was positively identified by one or more witnesses introduced by the State as one of the robbers who perpetrated the crime. The witnesses identified the appellant Johnson as the robber with the sawed-off shotgun and the appellant Sawyer as the robber with the pistol.

(b) When Sawyer was arrested, a sawed-off shotgun was found in a closet of his home and he admitted during the trial that he had found a number of identification cards and credit cards of the victims in his home. The appellant Johnson admitted the shotgun belonged to him and Sawyer. The victims testified that the sawed-off shotgun used in the robbery appeared to be similar to the one introduced into evidence and was made just like it. Another victim testified that on the night of the robbery the stock of the shotgun used appeared to be "shiny" from having been recently varnished.

In *Lively v. State,* 178 Ga. 693, 695 (173 SE 836) this court said: "It appears without dispute that the crime was committed with a razor, and it would make no material difference whether or not the weapon it sought to identify was the particular razor with which the homicide

was committed. The identification was sufficient to authorize the jury to decide, under the evidence relative to identification, whether or not it was the identical weapon used by the defendant." *Clements v. State*, 226 Ga. 66 (1) (172 SE2d 600); *Katzensky v. State*, 228 Ga. 6 (3) (183 SE2d 749).

There is no merit in these enumerations of error.

2. The trial court charged the jury: "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. *The range of evidence, in respect to time and place, must be such as to reasonably exclude the possibility of such presence.* Evidence as to alibi should be considered by the jury in connection with all the other evidence in the case, and if, on considering the evidence as a whole, the jury should entertain a reasonable doubt as to the guilt of such accused, it would be their duty to acquit." (Emphasis supplied).

The appellants contend that the emphasized portion of this charge places the burden of proving their alibis on them. We do not agree.

The first two sentences of this charge are verbatim from *Code* § 38-122 and define alibi and the range of evidence in connection therewith. The charge does not place the burden of proving alibis on the appellants. It directs the jury that evidence of alibi should be considered by them in connection with all the other evidence in the case and that the State must prove guilt beyond a reasonable doubt.

The charge given in this case is different from the charges given in *Harrison v. State*, 83 Ga. 129 (3) (9 SE 542); *Young v. State*, 225 Ga. 255 (3) (167 SE2d 586); *Chaffin v. State*, 225 Ga. 602 (170 SE2d 426); and *Thornton v. State*, 226 Ga. 837 (178 SE2d 193).

There is no merit in these enumerations of error.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 15, 1972—DECIDED APRIL 6, 1972.

*Zachary & Segraves, J. Ed Segraves,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Isaac Jenrette, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.