### 27259. TRIMBLE v. THE STATE.

UNDERCOFLER, Justice. Larry Trimble was convicted of the offense of rape and sentenced to life imprisonment. He appeals. *Held:*

The trial court gave the following charge on alibi: "Lady and gentlemen, alibi as a defense involves the impossibility of the presence of the accused at the scene of the offense at the time of its commission and the range of

the evidence in respect to time and place must be such as reasonably precludes the possibility of the presence of the accused at the time and place of the offense. If you believe that a crime was committed as charged in this indictment but you do not believe that this defendant was present at the time and place of such offense, you should acquit him upon that ground. *Alibi as a defense should be established to the reasonable satisfaction of the jury* and not beyond a reasonable doubt. When testimony on the subject of alibi is offered on the trial of a case it is the duty of the jury to take that testimony along with all the other evidence in the case in determining the guilt or innocence of the defendant and if considering that testimony along with all the other evidence in the case the jury should entertain a reasonable doubt as to the guilt of the defendant it is their duty to give him the benefit of that doubt and acquit. The law being that before you can convict you must believe the defendant guilty beyond a reasonable doubt. If the defense of alibi should prevent you from believing the defendant guilty beyond a reasonable doubt then and in such an event you should acquit him of the offense charged."

The appellant contends that the emphasized portion of this charge shifts the burden of proof from the State to the defendant and relieves the State of proving the accused guilty beyond a reasonable doubt which is in violation of the due process clause of the Fourteenth Amendment of the Federal Constitution.

The contentions of the appellant are without merit for the reasons stated in *Young v. State,* 225 Ga. 255 (167 SE2d 586); *Chaffin v. State,* 225 Ga. 602 (170 SE2d 426) and *Thornton v. State,* 226 Ga. 837 (178 SE2d 193).

*Judgment affirmed. All the Justices concur, except Hawes, Gunter and Jordan, JJ., who dissent.*

SUBMITTED JULY 11, 1972—DECIDED SEPTEMBER 7, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Joel M.*

*Feldman, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Richard S. Gault, Assistant Attorneys General,* for appellee.

GUNTER, Justice, dissenting. This appeal involves another attack on a trial court's charge on alibi in a criminal case. The contention is made that the charge to the jury on this subject shifted the burden of proof from the State to the accused in violation of due process.

This is the second time that this issue has been presented since I have been a member of the court. I approved the charge attacked in the case of *Johnson v. State,* 228 Ga. 860 (188 SE2d 859) (decided April 6, 1972), believing that the charge given in that case, which was quite different from the charge given in the case at bar, did not shift the burden to the accused. After serious consideration and more legal research I now feel that I should have indicated in some way in that case that our "requirement" that a trial court charge the jury on alibi if that issue is in the case should be abolished. I am fully convinced that under the due process clause of our Constitution and the Federal Constitution the burden of proving his alibi can not be placed upon a defendant. Evidence of alibi should be admitted just as all other evidence in the case, and no specific instruction with respect to alibi should be "required."

The case of *Fletcher v. State,* 85 Ga. 666 (11 SE 872), decided in 1890 by this court, seems to have established the "requirement" that the trial judge specifically charge on alibi when that issue was in the case. It seems to me that this "requirement" led this court into an absolute burden-shifting position, because in 1922 this court held: "The burden of establishing the defense of alibi, when set up as a defense by the defendant, rests upon him; and in order to establish an alibi the state of facts relied on must be such that, if true, it was impossible for him to have been at the scene of the crime when it was committed." *Collier v. State,* 154 Ga. 68, 79 (113 SE 213). Having adopted that legal stance at least 50 years ago which was, in my opinion, vio-

lative of due process, this court has maintained that legal position to a somewhat lesser degree to the present time. The maintenance of this position has created the great conflict now existing on this subject between this court on the one hand and the Court of Appeals of Georgia, the United States District Court for the Northern District of Georgia, and the United States Court of Appeals for the Fifth Circuit on the other hand. See in this connection: *Thornton v. State,* 226 Ga. 837 (178 SE2d 193) (1970); *Smith v. Hightower,* 227 Ga. 144 (179 SE2d 242) (1971); *Parham v. State,* 120 Ga. App. 723 (171 SE2d 911) (1969); *Merneigh v. State,* 123 Ga. App. 485 (181 SE2d 498) (1971); Smith v. Smith, 321 FSupp. 482 (1970); Thornton v. Stynchcombe, 323 FSupp. 254 (1971); Smith v. Smith, 454 F2d 572 (1971); and Bassett v. Smith, No. 71-2513 in the United States Court of Appeals for the 5th Circuit, decided July 17, 1972. After perusing these decisions one can readily understand why Professor Agnor said, "Thus the Federal Court lets them out as quick as the Supreme Court keeps them in." Mercer L. Rev., V. 23, No. 1 (Winter 1972), p. 125.

As the first step in attempting to resolve this serious conflict on the subject, I would clearly and plainly overrule *Fletcher v. State,* 85 Ga. 666, supra, and its successor decisions, thereby abolishing the "requirement" that a trial court must charge the jury on the subject of alibi if that issue is in the case. Henceforth there would be no required instruction to the jury on this subject at the trial level.

That part of the charge in the case at bar, namely, "alibi as a defense should be established to the reasonable satisfaction of the jury" is, in my opinion, a burden-shifting charge and is constitutionally impermissible as violative of due process under the Georgia Constitution and the Federal Constitution. Johnson v. Bennett, 393 U. S. 253 (89 SC 436, 21 LE2d 415) (1968); Bennett v. Stump, 393 U. S. 1001 (89 SC 483, 21 LE2d 466) (1968).

I respectfully dissent. I am authorized to state that Justices Hawes and Jordan join me in this dissent.