## 27221. PAYTON v. THE STATE.

PER CURIAM. Earnest Payton was convicted on both counts of a 2-count indictment charging him with the offense of armed robbery. He was sentenced to serve five years' imprisonment on each count. His motion for a new trial on the general grounds and on two special grounds was overruled and he appeals.

1. Appellant contends that the charge of the court on the subject of "alibi" had the effect of shifting the burden of proof from the State to the defendant, thereby relieving the State of proving the guilt of the defendant beyond a reasonable doubt and placed the burden of proof on the defendant, all in violation of the due process clause of the Fourteenth Amendment of the U. S. Constitution.

The court charged on the subject of alibi in the following language: "Alibi, ladies and gentlemen, as a defense involves the impossibility of the presence of the accused at the scene of the offense at the time of its commission and the range of the evidence in respect to time and place must be such as reasonably precludes the possibility of the presence of the accused at the time and place of the offense. Ladies and gentlemen, if you believe that a crime was committed as charged in this bill of indictment but you do not believe that this defendant, or either of these defendants was present at the time and place of such offense you should acquit upon that ground. That applies to either one or both of the defendants as you may find the facts to be. *Alibi as a defense would be established to the reasonable satisfaction of the jury and not beyond a reasonable doubt.* When testimony on the subject of alibi is offered on the trial of a case it is the duty of the jury to take that testimony along with all the other evidence in the case in determining the guilt or innocence of the defendant and if considering that testimony, along with all the other evidence in the case, the jury should entertain a reasonable doubt as to the guilt of a defendant it is their duty to give him the benefit of that doubt and to acquit, the law being that before you can convict you must believe the defendant guilty beyond a reasonable doubt. If the defense of alibi should prevent you from believing the defendant guilty beyond a reasonable doubt, then in such an event you should acquit him of the offense charged against him." (Emphasis supplied.) The court had previously charged the jury: "The defendants enter upon the trial of these cases with the presumption of innocence in their favor and this presumption remains with the defendants until and unless the State shall overcome it and remove it by the introduction of testimony in your presence and hearing sufficient to convince your minds beyond a reasonable doubt of the guilt of the accused." The charge on alibi in this case is substantially the same as that approved by

this court in the face of an identical attack thereon in the case of *Young v. State,* 225 Ga. 255, 257 (167 SE2d 586). A similar charge was also considered and a like attack upon it rejected in *Chaffin v. State,* 225 Ga. 602 (170 SE2d 426). What was said in those cases is applicable here and it would serve no useful purpose to reiterate the discussion set forth therein. None of the cases cited by the appellant from lower Federal courts requires a different ruling. The charge in this case is distinguishable from the charge considered by the Court of Appeals in *Parham v. State,* 120 Ga. App. 723 (171 SE2d 911), but if there be anything in that case which would require a different conclusion than that which we here reach, we take this occasion to expressly disapprove the same. See *Johnson v. State,* 228 Ga. 860 (188 SE2d 859).

2. Where no evidence was introduced by either the State or the defendant on the pre-sentence hearing the trial court did not err in failing to charge in the absence of a request therefor that the jury should consider any evidence presented during the trial in extenuation, mitigation and aggravation including any prior convictions of the defendant.

3. The appellant has not argued or insisted upon the general grounds of his motion for a new trial, and the same are, therefore, deemed to have been abandoned.

*Judgment affirmed. All the Justices concur, except Hawes, Gunter and Jordan, JJ., who dissent.*

SUBMITTED JUNE 13, 1972—DECIDED SEPTEMBER 12, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton,* District Attorney, *Morris H. Rosenberg, Joel M. Feldman, Carter Goode, Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Courtney Wilder Stanton, William F Bartee, Jr.,* Assistant Attorneys General, for appellee.

GUNTER, Justice, dissenting. Being of the opinion that the charge given in this case on alibi was a burden-shifting

charge, and therefore constitutionally impermissible as violative of due process, I respectfully dissent. See Johnson v. Bennett, 393 U. S. 253 (89 SC 436, 21 LE2d 415) (1968); Bennett v. Stump, 393 U. S. 1001 (89 SC 483, 21 LE2d 466) (1968); and my dissenting opinion in *Trimble v. State,* 229 Ga. 399.

I am authorized to state that Justices Hawes and Jordan join me in this dissent.