## 28269. WHITE v. THE STATE.

SUBMITTED SEPTEMBER 14, 1973 — DECIDED OCTOBER 25, 1973.

*Nicholas E. Bakatsas,* for appellant.

*Ralph W. Kearns, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David J. Bailey, Deputy Assistant Attorney General,* for appellee.

GRICE, Presiding Justice. Arthur Lee White appeals from the judgment of conviction and life sentence for armed robbery entered on February 27, 1973, in the Superior Court of Cobb County. His amended motion for new trial on seven grounds was denied on June 4, 1973. Upon this appeal he asserts eleven enumerations of error, which incorporate the grounds of the motion for new trial.

■ We deal first with the issues challenging the sufficiency of the evidence.

It is urged that the trial court erred in failing to direct a verdict for the appellant. It is insisted that the circumstances, inferences and proven facts did not exclude every other reasonable hypothesis except the guilt of the accused; that the state failed to prove the existence of any weapon except by hearsay; that the money alleged to have been taken was not recovered or properly identified; that failure to direct a verdict required appellant to prove that he was not guilty of the crime; and that this resulted in his conviction primarily on insufficient and uncorroborated evidence.

It is also urged that the court erred in denying his amended motion for new trial; that the verdict is decidedly and strongly against the weight of the evidence, contrary to the evidence and without evidence to support it, contrary to the law and the principles of justice and equity; that the court erred in allowing the case to go to the jury when there were no facts to prove him guilty beyond a reasonable doubt, thus denying him due process of law and relieving the state of any burden of proof.

The eyewitness evidence as to the robbery charged in the indictment was that of H. B. Savage. He testified, insofar as necessary to recite here, as follows: that he was working as a night clerk of a motel on the early morning of September 7, 1972; that

the appellant came to the desk with a pistol held in his hand and pointed it at him; that it was a kind of blue steel, old-looking gun and he was almost sure it was a .22 calibre; that the appellant demanded that he turn over to him what money he had; that the witness replied that he would do so; that he turned over to him $51 in bills; that the appellant snapped his gun one time; that the witness then went down to the floor to get his own pistol; that while down with his back turned, he heard a shot; and that the appellant then fled. The bullet that was fired was not located.

This witness positively identified the appellant as the perpetrator of the crime, reiterating this in cross examination. He unhesitatingly picked him out of a lineup constituted of men having similar physical characteristics.

Additional testimony was submitted by the Chief of Detectives of the Marietta Police Department, including receipt of an anonymous telephone call, its follow up and the arrest of the appellant.

The appellant sought to establish an alibi, that he was in Austell, Georgia, when the crime was committed. However, the evidence as to this was vague since it did not show that he was there upon the particular night in question.

The evidence, in our appraisal, was sufficient to withstand all of the attacks made upon it, and requires no elaboration here to establish it.

■ The sixth enumeration, in conjunction with an amended ground of the motion for new trial, raises the issue that the court erred in allowing a police officer to testify as to a telephone conversation with an alleged informant. The appellant urges that there was no proper foundation laid as to the informant's identity and reliability; that this evidence was inadmissible and prejudicial; and that the appellant's arrest was illegal in that there was no probable cause for it, being merely a telephone call received from an anonymous and totally unreliable informant.

The evidence as to this feature was in substance that the police officer received an anonymous telephone call approximately three weeks after the robbery in which the caller said, "If you are looking for the man that robbed the Miron Motel, his name is 'Snapper' . . ."

The objection was that the state had not laid the proper foundation. The appellant contended that the witness "doesn't know who this informant was and whether or not he was a reliable informant," and that "there are certain constitutional re-

quirements that must be met" before admitting any evidence involving an informer.

State's counsel then told the court that arrest and search were not involved, that the witness was merely telling what caused him to pursue his investigation that led him to the appellant; and that whether the informant was reliable was not relevant.

Thereupon the trial judge stated, "I will let you proceed."

The witness then testified that he looked for two days for a man named "Snapper," found him and arrested him.

There is no merit in the objection to the admission of this evidence.

Our Code § 38-302, provides in essential part that "When, in a legal investigation ... conversations ... are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." By virtue of this section an investigating officer is permitted to explain his conduct. *Tanner v. State,* 228 Ga. 829 (3) (188 SE2d 512). That was precisely what was done here and no denial of due process or of right of confrontation of witnesses resulted. See *Morris v. State,* 228 Ga. 39 (16 b) (184 SE2d 82).

Furthermore, appellant's position that this testimony showed an improper arrest and consequently an illegal conviction is not valid. His subsequent indictment supplied the formal charge that brought about his conviction and there was clear probable cause from his identification in the lineup by the eyewitness.

For the foregoing reasons admission of the evidence as to the telephone conversation was not error.

■ The seventh enumeration, together with a ground of the amended motion for new trial, presents an issue which may be summarized as follows: that the court erred in failing to charge the jury on mistaken identity because the appellant was arrested two months later and was identified from a police lineup; that his constitutional rights were violated by not having his attorney at the lineup; that movant has a limited education and did not understand the nature of the "waiver of rights" and could not have waived them since he did not understand the nature of the lineup and the purpose of the identification proceedings.

There is no merit in this contention. No request was made to charge on mistake of identity or eyewitness identification. However, the court did charge on such vital matters as burden of proof beyond a reasonable doubt, the jury's prerogative as to credibility of witnesses and its right to believe the sworn statement

of the defendant. Decisions of this court do not sustain appellant's position here. See *Micheli v. State,* 222 Ga. 361 (149 SE2d 803); *Young v. State,* 226 Ga. 553 (7) (176 SE2d 52).

■ The eighth enumeration maintains basically that the court erred in allowing evidence of the lineup procedure because he was not represented by counsel at the lineup and therefore his constitutional rights were violated.

This enumeration cannot be sustained.

The testimony is clear that the appellant waived his rights as to the lineup procedure. A detective swore that in his presence the assistant district attorney advised the appellant that he had a right not to be in that lineup and also advised him that he had a right to have an attorney present at that time. Upon being asked what the appellant's response was to being advised of these constitutional rights, this witness replied that "He was willing, said he wanted to get it over with."

Furthermore, this lineup was conducted prior to appellant's indictment and for this reason alone there was no violation of his right in this regard. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411).

■ The appellant argues in his ninth enumeration that the court erred in allowing a police captain to testify that he looked through "Police Files" for the purpose of getting leads or information; and also to testify that he had a warrant from the "Parole Board"; and that all this testimony placed his character in issue. The same contentions were made in expanded form in a ground of the amended motion for new trial, which also urged that the court erred in not admonishing the witness for placing such testimony into evidence and without instructing the jury to disregard it or in the alternative to grant a mistrial.

However, the transcript shows that the evidence complained of was obtained in response to cross examination by appellant's counsel and was not then objected to or sought to be excluded by motion at the trial. No request for admonishment or motion for mistrial occurred.

The rule applicable here is that "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later. [Cits.]." *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221). See also *Young v. State,* 220 Ga. 75 (3) (137 SE2d 34).

We cannot agree with what is urged here.

■ The final enumeration is that the court erred in charging

on alibi.

The charge given as to alibi was as follows: "Alibi as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence in respect to time and place must be shown as reasonable to exclude the possibility of the accused's presence. The court instructs you that the evidence presented to prove alibi, considered alone or with all the other evidence, need only be sufficient to create a reasonable doubt of the defendant's guilt."

This charge omits the language complained of in *Trimble v. State,* 229 Ga. 399, 400 (191 SE2d 857) (3 Justices dissenting), that "Alibi as a defense should be established to the reasonable satisfaction of the jury . . ." See also *Sneed v. Caldwell,* 229 Ga. 507 (192 SE2d 263); *Payton v. State,* 229 Ga. 454 (192 SE2d 266). The majority of this court in those decisions approved that charge. It follows that we approve the charge here. It does not shift the burden to the accused.

This enumeration presents no error.

*Judgment affirmed. All the Justices concur.*