## 49231. WILLINGHAM v. THE STATE.

Evans, Judge.

The evidence in this case shows that a female, living alone, was physically assaulted and sodomy was committed upon her. The evidence strongly suggests that she was raped, although the indictment merely charges "aggravated assault" and "aggravated battery."

Defendant was tried and convicted, and he appeals to this court on two enumerations of error, to wit: 1. That the trial court erred in failing to direct a verdict of not guilty; 2. That the trial court erred in failing to charge on defendant's defense of alibi.

1. We will consider the failure to charge on alibi first. Defendant's sole defense was alibi, that is, that at the time the crime occurred in Oglethorpe County, he was not in the vicinity of the victim's residence, but was in Athens, Clarke County, Georgia, and that therefore it

was impossible for him to have committed the crime. Defendant testified that he was twenty-five miles away from the scene at the time of the alleged commission of the crime. He did not produce any other witness to corroborate his testimony; nevertheless his *sworn testimony* required a charge on alibi. It is reversible error to fail to charge on the defense of alibi where there is *some evidence* to support such defense, even in the absence of a request. *Fletcher v. State,* 85 Ga. 666 (11 SE 872); *Cutts v. State,* 86 Ga. App. 760 (72 SE2d 565); *Pippens v. State,* 224 Ga. 462 (162 SE2d 338). The state argues that defendant testified that he had two witnesses who could corroborate his testimony and failed to produce them. The only effect of such failure would be to allow the state to invoke the provisions of Code § 38-119, and the presumption arising from such failure. But that would affect his credibility only and would become a matter for the jury to pass upon. It would in no wise eliminate the issue of alibi, and would not have the effect of rubbing out the requirement of law that alibi be charged to the jury where such defense is supported by sworn testimony. The trial court erred in failing to charge the jury on the defense of alibi.

2. Next, we consider the enumeration of error as to failure of the trial judge to direct a verdict of not guilty in defendant's favor. The defendant does not enumerate error on the failure to grant a new trial on general grounds (that the evidence was insufficient to support the verdict) but goes a step further and insists that a verdict of not guilty was *demanded by the evidence.* The difference between these two motions may be slight, but there is a difference. In one instance the defendant says the state *did not prove him guilty* (general grounds of motion for new trial); and he invokes the discretion of the trial court to grant a new trial for such failure; and in the other instance he says that the state's evidence failed to prove him guilty and that a directed verdict of not guilty is demanded, with no discretion on the part of the trial judge to withhold same.

The right of a defendant to move for directed verdict in a criminal case is of recent origin. (Ga. L. 1971, pp. 460, 461; Code Ann. § 27-1802). The language of the statute

provides that *"where there is no conflict in the evidence . . . the court may direct the verdict of acquittal."* (Emphasis supplied.)

The evidence as to defendant's guilt was entirely circumstantial. However, it is not necessary that in such cases the circumstances remove every possibility of the defendant's innocence. *Eason v. State,* 217 Ga. 831 (2) 840 (125 SE2d 488); *Walden v. State,* 121 Ga. App. 142, 146 (4) (173 SE2d 110).

Some of the circumstances as to defendant's guilt were that defendant had borrowed a 1966 red-and-white Ford convertible the night of the crime; this car was seen in Comer, Georgia shortly after the commission of the crime, about five miles from the scene of the crime; the owner of the car had left therein a pair of shoes with a peculiar indenture-mark on the sole; and although defendant wore a larger size shoe, a shoe track was found at the window about the size of the shoes with the indenture-mark; defendant admitted he was out all that night and returned to his home in Comer around 5 in the morning; he produced no witnesses to corroborate his whereabouts at the time of the commission of the crime, although a witness did corroborate his whereabouts on that night at times other than when the crime was committed. The victim testified that at a line-up she narrowed the guilty person down to two individuals, and that identity was made by the sound of their voices. One of these persons was in jail at the time and could not have committed the crime; the other person was the defendant.

We repeat that the above evidence as to defendant's guilt is entirely circumstantial, but it is sufficient to withstand the onslaught of a motion for directed verdict of not guilty. There was no error in overruling the enumeration of error upon this ground.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED APRIL 5, 1974 — DECIDED MAY 20, 1974.

*Strickland, & McDonald, Tom Strickland,* for

appellant.

*Celte D. Johnson, District Attorney,* for appellee.