## 31225. McELROY v. STATE.

PER CURIAM.

This appeal is from convictions of murder and aggravated assault for the death of one police officer and the wounding of another. The appellant was sentenced to life for the murder plus ten years for the assault. We note that the crimes were committed on February 11, 1973, prior to the re-enactment of Georgia's death penalty statute and at a time when the imposition of the death penalty was impermissible. Ga. L. 1973, pp. 159, 172.

Briefly, the evidence shows the police officers stopped a pickup truck in Tallapoosa, Georgia, about 1:00 a.m. upon suspicion that the driver "might be under the influence." As the officers left their vehicle, one from each side, and started forward toward the truck, the driver left the truck, closed the door, and stood there. One officer said, "We'd like to check your driver's license." The driver's right hand "came up" and he started firing a revolver. Shots were exchanged during which both officers were hit. The driver then fled on foot. One officer died the next day from his wounds. The pickup truck was stolen in Decatur the day before the shooting. The

defendant admitted he was a car thief. He was a resident of Ohio but was visiting his parents in Heflin, Alabama, about thirty miles west of Tallapoosa. He was identified by a service station attendant in Atlanta as having purchased gas for the truck about 10 - 10:30 p.m. the night of the shooting. The surviving police officer identified him as the driver of the truck; however, he first thought the driver was one "McClain," a psychopathic fugitive about whom he had been alerted. Three cell mates of the defendant while he was confined in jail in Heflin, Alabama, on other charges testified he confessed to the crimes. A witness who passed the scene immediately prior to the shooting testified the defendant was not the driver of the truck. The police officer who died indicated prior to his death that the driver was one "McClain." The defendant testified at the time of the shooting he was on his way back to Ohio and was several hundred miles from the scene. He was supported by his wife and another couple who were traveling with him as well as persons in Ohio who testified as to the time of his arrival there. There was other evidence not necessary to detail here. *Held:*

1. The alibi charge that was given to the jury was substantially the same charge found to be constitutionally impermissible by this court in *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) (1975) decided after the trial of this case. *Ward v. State,* 234 Ga. 882 (218 SE2d 591) (1975). Under the evidence here we can not say the charge was harmless error. Consequently, the convictions must be reversed.

2. We have reviewed the remaining enumerations of error and find them to be without merit under the evidence and posture of the case.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., who dissents.*

ARGUED JUNE 15, 1976 — DECIDED JULY 9, 1976.

*E. B. Jones, Jr., G. Lee Smith, Jr., Jack F. Witcher,* for appellant.

*J. T. Perrin, District Attorney, Arthur K. Bolton,*

*Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.

UNDERCOFLER, Presiding Justice, dissenting.

I remain unconvinced that the one sentence, "Alibi as a defense must be established to the reasonable satisfaction of the jury. . ." used by the court in charging the jury distorted its verdict after a trial that lasted eleven days. *Trimble v. State,* 229 Ga. 399 (191 SE2d 857) (1975).