The appellant, Donnell Craig, was indicted and convicted for the offense of rape in the first degree, as proscribed by §13A-6-61(a)(1), Code of Alabama 1975. He was sentenced to 99 years' imprisonment, to be served consecutively to sentences he was then serving.
The prosecution's testimony, in essence, established that the 17-year-old victim identified Craig as her masked rapist, based on his complexion, his build, and his voice; she had known him for 5 years prior to the rape; Craig belonged to that 10 percent of the black male population having the same body fluid characteristics as the seminal fluid stain found on the victim's clothing; and 2 pieces of towel that were found in Craig's yard were identified by the victim as constituting the mask worn by her rapist. Craig presented the testimony of many witnesses who supported his defense of alibi.
Craig contends, as one of his three issues, that the trial court erred in refusing to instruct the jury on the defense of alibi. After the court gave its oral charge, and before the jury began its deliberations, defense counsel gave the following objection:
 "When you charged the jury on the elements of rape, you said there are basically two things, if you are convinced that he had sex, one, and convinced that it was done by forcible compulsion, two, then it is your duty to convict. If you are not convinced that he had sex or not convinced it was by forcible compulsion, it is your duty to acquit. Our defense all along has been alibi. And I think that leaves an inference to the jury that if you are not convinced he had sex or you are not convinced it was forcible compulsion, either of those things you have got to find to acquit. My position is they should have been charged that somebody may have had sex and somebody may have done it by forcible compulsion, but Donnell Craig says that he was not there. In other words, an alibi charge was not given to the jury."
Contrary to the attorney general's argument, defense counsel's objection was in proper form and, thus, it preserved the issue for our review. King v. State, 521 So.2d 1360 (Ala.Cr.App. 1987) (citing Connolly v. State, 500 So.2d 68 (Ala. 1986);Matkins v. State, 497 So.2d 201 (Ala. 1986)). By defense counsel's proper objection to the omission of an instruction on the defense of alibi, the burden of devising proper jury instructions was put upon the trial court. Matkins, 497 So.2d at 205 (Torbert, C.J., concurring specially).
We find that the trial court's refusal to supplement its oral charge constitutes reversible error.
 "In charging the jury, it was incumbent on the judge to give the law applicable to all theories presented by the evidence. This was necessary to enable the jury to make a judgment in view of the testimony before them. Glover v. State, 21 Ala. App. 423, 109 So. 125 [(1926)]."
Shields v. State, 52 Ala. App. 690, 697, 296 So.2d 786, 792,cert. denied, 292 Ala. 749, 296 So.2d 793 (1974). See also 23A C.J.S. Criminal Law § 1190 (1961). "The defendant is entitled to have the court instruct the jury on the defense theory, 'assuming *Page 646 
that the theory has foundation in the evidence and legal support,' " United States v. Terebecki, 692 F.2d 1345, 1351
(11th Cir. 1982) (quoting United States v. Conroy,589 F.2d 1258, 1273 (5th Cir.), cert. denied, 444 U.S. 831,100 S.Ct. 60, 62 L.Ed.2d 40 (1979)). More particularly, "[w]here the defense of alibi is raised and there is the requisite evidence to support it, proper instructions as to such defense should be given." 23A C.J.S., supra, at § 1203. Failure to do so constitutes reversible error. Id.
In determining whether the evidence was sufficient to necessitate an instruction, thus allowing the jury to consider the defense, we must consider the evidence in the light most favorable to the accused. Coon v. State, 494 So.2d 184, 186
(Ala.Cr.App. 1986). In assessing the evidence before us, we adopt the following characterization given in Smitherman v.State, 33 Ala. App. 316, 319, 33 So.2d 396, 398 (1948):
 "The evidence makes it convincingly clear that, unless the accused was actually present at the place and at the time it is claimed the offense was committed, he could not be guilty as charged. His defense was an alibi, and he introduced much evidence in support thereof."
Based upon the evidence before the jury, the court should have instructed the jury on Craig's defense of alibi. Id. See alsoGiles v. State, 366 So.2d 351 (Ala.Cr.App. 1978).
We do not consider the court's instruction on identity to have ameliorated the situation to the extent that a separate instruction on the alibi defense was unnecessary. The question of personal identity and the fact of alibi are not so close to being the same defense as to authorize the omission of an alibi charge. Cutts v. State, 86 Ga. App. 760, 72 S.E.2d 565 (1952).
 "The ultimate issue in criminal procedure is the identity of the guilty party, and the fact that the defendant was positively identified . . . as a perpetrator of the crime should not deprive him of the benefit of the testimony . . . that he was elsewhere, so as to deprive the jury, in considering the case, of the rules of law applicable to such testimony."
Id. at 763, 72 S.E.2d at 567.
Accordingly, this cause is due to be, and it is hereby, reversed.
REVERSED AND REMANDED.
All Judges concur.