COBB, Judge.
On August 13, 1996, James M. Young was convicted of two counts of robbery in the first degree, a violation of § 13A-8-41, Ala. Code 1975, and one count of assault in the first degree, a violation of § 13A-6-20, Ala. Code 1975. He was sentenced to life imprisonment on the assault count and to life imprisonment without parole on each of the robbery counts.
Young argues that the trial court committed reversible error in denying his request for a jury instruction regarding his alibi defense. We agree.
Testimony presented by the state tended to show that on August 27, 1994, Young and Young’s accomplice, Jesse Morris, robbed and assaulted Vernon Attaway and Paul James. Attaway testified that he and James left a local bar between approximately 12:00 a.m. and 12:30 a.m. and drove to another bar to hear the musical entertainment there. Attaway testified that he had parked the ear and had begun a conversation with James when Young approached the car and asked them for a cigarette. Attaway testified that Young left with the cigarette and came back some minutes later to get another cigarette. Approximately 10 minutes after getting the second cigarette from the two, Young asked them if they would like to go somewhere to smoke marijuana. After Attaway and James agreed, Young and Morris got into Attaway’s car and the four drove behind a nearby discount store. Attaway testified that after he stopped the car, Young and Morris pulled him and James from the car, and beat and robbed them. Both Attaway and Paul James testified that Young repeatedly struck James in the head with a tire iron. There was no testimony at trial’ regarding the time this incident actually occurred.
Young called Eleanor Melvin as a witness during the. defense’s case-in-chief. Ms. Melvin testified that she was the manager of the Keystone Motel and that Young and Morris were at the motel at approximately 1:05 a.m. on the night in question and that Young remained at the motel until at least 1:30 and that he possibly remained there until he went to work the next day.
After the trial court gave its oral instruction to the jury and before the jury began its deliberations, Young requested that an alibi instruction be given, because Ms. Melvin’s testimony placed them at the motel at a time close to the time at which the incident occurred. The trial court denied his requested instruction.
“In charging the jury, it was incumbent upon the judge to give the law applicable to all theories presented by the evidence. This was necessary to enable the jury to make a judgment in view of the testimony before them. Glover v. State, 21 Ala.App. 423, 109 So. 125 [(1926)]”
Shields v. State, 52 Ala.App. 690, 697, 296 So.2d 786, 792, cert. denied, 292 Ala. 749, 296 So.2d 793 (1974).
“ ‘[W]here the defense of alibi is raised and there is the requisite evidence to support it, proper instructions as to such defense should be given.’ 23A C.J.S., supra, at § 1203. Failure to do so constitutes reversible error. Id.
*858 “In determining whether the evidence was sufficient to necessitate an instruction, thus allowing the jury to consider the defense, we must consider the evidence in a light most favorable to the accused. Coon v. State, 494 So.2d 184, 186 (Ala.Cr.App.1986).”
Craig v. State, 526 So.2d 644, 646 (Ala.Cr.App.), cert. denied, 526 So.2d 644 (Ala.1988).
In the instant case, the jury could have inferred from the evidence only that the crime occurred sometime after 12:00 or 12:30 a.m., the time Attaway testified he and James left the first bar. Eleanor Melvin testified that Young was at the Keystone Motel at approximately 1:05 a.m, and that he remained there until at least 30 minutes thereafter. The jury could have inferred that if the crime was committed after approximately 1:05 a.m., Young could not be guilty.
“ ‘The ultimate issue in criminal procedure is the identity of the guilty party, and the fact that the defendant was positively identified ... as a perpetrator of the crime should not deprive him of the benefit of the testimony ... that he was elsewhere, so as to deprive the jury, in considering the case, of the rules of law applicable to such testimony.’ ”
Craig v. State, 526 So.2d at 646 (quoting Cutts v. State, 86 Ga.App. 760, 72 S.E.2d 565 (1952)).
The only defense Young offered at trial was an alibi defense, and the jury was not given an instruction relating to that defense. Young presented testimony that he was at the motel at the time the robberies and beatings might have occurred. While the alibi witness’s testimony, if believed, did not rule out the possibility that Young committed the crimes, it did establish a time at which he could not have committed the robberies.. The necessity for the instruction was heightened by the fact that the State’s evidence relating to the actual time of the robberies was vague, at best. We must conclude that the trial court erred in refusing to give the alibi instruction.
Accordingly, the judgment is due to be, and it is hereby reversed, and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.