HOUSTON, Justice.
Tavares Brown was convicted of murder, a violation of § 13A-6-2, Ala.Code 1975. He was sentenced to life imprisonment. The Court of Criminal Appeals, on October 20, 2000, affirmed the judgment of the trial court. Brown v. State (No. CR-99-1436), — So.2d - (Ala.Crim.App.2000) (table).
We granted Brown’s petition for certiorari review in order to consider two issues. The first issue is whether the trial court committed reversible error when it faked to give an instruction on the alibi defense. Brown made a written request for a charge on the alibi defense. We agree with the Court of Criminal Appeals that that written request was properly denied. After the trial court had denied that written request, Brown made an oral request for an alibi charge. The Court of Criminal Appeals held that the trial court did not err in failing to charge the jury on the alibi defense. Brown argues that the Court of Criminal Appeals’ ruling conflicts with Craig v. State, 526 So.2d 644 (Ala.Crim.App.1988).
In Craig, the Court of Criminal Appeals found reversible error in the trial court’s failure to instruct on the alibi defense when there was evidence to support the defense, and when the defendant made a proper objection to the absence of an instruction. In Craig, the defendant had “presented the testimony of many witnesses who supported his defense of alibi.” Craig at 645. Brown offered his mother’s testimony to support his alibi defense and objected after the trial court failed to include an instruction on alibi in its charge to the jury.
Brown argued to the Court of Criminal Appeals that, in response to his objection, the trial court should have instructed the jury on the alibi defense, despite the fact that it had denied the particular written charge Brown had requested, and that its failure to do so was error. The Court of Criminal Appeals did not address this argument in its unpublished memorandum. Rather, it restricted its review to the trial court’s refusal to give Brown’s improperly worded written request for an alibi instruction. By finding no error in the trial court’s denial of Brown’s oral request for a general instruction on the alibi defense, the memorandum of the Court of Criminal Appeals does conflict with Craig.
*307 This Court has set out the circumstances in which a criminal defendant is entitled to jury instructions. In Ex parte Chavers, 361 So.2d 1106, 1107 (Ala.1978), this Court stated:
“[0]ur decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility. Burns v. State, 229 Ala. 68, 166 So. 561 (1934).”
See also Ex parte McCall 594 So.2d 628 (Ala.1991).
Brown presented alibi evidence in the form of his mother’s testimony. Although this testimony was not as compelling as that offered by the defendant in Craig, it meets the Chavers test; therefore, the trial court should have instructed the jury on the law of alibi. Its failure to do so was reversible error. Ex parte McCall, 594 So.2d 628 (Ala.1991), and Matkins v. State, 497 So.2d 201 (Ala.1986).
Because the failure to instruct on the defense of alibi requires a reversal, we need not address the second issue on which we granted certiorari review.
We note that, as Justice Brown states in her dissent, Rule 21, Ala. R.Crim. P., was amended effective August 1, 1997. As a part of the amendment, what had been Rule 21.2 became Rule 21.3. The procedure for objecting to the trial court’s “giving of an erroneous, misleading, incomplete, or otherwise improper oral charge,” although now found in Rule 21.3 instead of Rule 21.2, was not changed by that amendment. Brown’s objection to the trial judge’s failure to instruct the jury in its oral charge on the alibi defense complied with Rule 21.3. Brown properly preserved this issue for our review.
The judgment of the Court of Criminal Appeals is reversed, and the case is remanded.
REVERSED AND REMANDED.
MOORE, C.J., and SEE, LYONS, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
BROWN and STUART, JJ., dissent.