BROWN, Justice
(dissenting).
I respectfully dissent. In the Court of Criminal Appeals, Tavares Brown argued that the trial court erred by failing to give jurors the following alibi instruction he had requested in writing:
“I charge you that the Defendant in this case has introduced evidence tending to show that he was not present at the time and place of the commission of the alleged offense for which he is here on trial. If, after consideration of all the evidence, you have a reasonable doubt that the Defendant was present at the time the crime was committed, he is entitled to an acquittal.”
(Emphasis added.) The Court of Criminal Appeals held that because the alibi instruction requested by Brown asserted the existence of particular facts, the instruction invaded the province of the jury and was an incorrect statement of the law and, consequently, that the trial court properly denied it. See White v. State, 410 So.2d 135, 137 (Ala.Crim.App.1981) (“Requested instructions that the evidence ‘tends’ to show certain matters are properly refused as invasive of the province of the jury.”). See also Goodwin v. State, 516 So.2d 818, 819-20 (Ala.Crim.App.1986), writ quashed, 516 So.2d 821 (Ala.1987).
Today, despite well-settled law that a trial court does not err in denying a jury instruction that is misleading or that contains an incorrect statement of the law— see, e.g., Booker v. State, 645 So.2d 355, *308 358 (Ala.Crim.App.1994); and Pinkard v. State, 415 So.2d 1220 (Ala.Crim.App.1982) — this Court effectively holds that where the defendant presents alibi evidence and then requests an alibi instruction that contains an incorrect statement of law, the trial court must formulate a proper alibi instruction and then give that proper instruction to the jury. I think this places an undue burden upon the trial court, and I believe it is unfair to hold a trial court in error for refusing an incorrect instruction and then not coming up with a proper instruction on its own.
In reversing the judgment of the Court of Criminal Appeals, this Court relies on Craig v. State, 526 So.2d 644 (Ala.Crim.App.1988), which held that where alibi evidence was presented and the defendant objected to the court’s omission of an alibi instruction from its oral charge, the court erred to reversal by failing to supplement its oral charge with a proper alibi instruction — even though the defendant never submitted a particular requested alibi instruction to the trial court. The Court of Criminal Appeals stated in Craig: “By defense counsel’s proper objection to the omission of an instruction on the defense of alibi, the burden of devising proper jury instructions was put upon the trial court.” 526 So.2d at 645. Notwithstanding this holding in Craig, I cannot see the justification for treating an alibi instruction as sui generis. It is generally not the trial court’s duty to formulate jury instructions for a party. I question why a request for an alibi instruction should be treated differently from requests for other kinds of jury instructions.
Moreover, I believe Craig would be decided differently today. In placing the burden upon the trial court to devise a proper alibi instruction, the Court of Criminal Appeals in Craig relied on this Court’s holding in Matkins v. State, 497 So.2d 201 (Ala.1986), which, like Craig, was decided before the latest version of Rule 21, Ala. R.Crim.P., went into effect. When Craig and Matkins were decided, the Alabama Rules of Criminal Procedure did not expressly require that requested additional instructions be submitted to the trial court in writing, and a defendant had less of a burden to frame a request for a jury instruction in a manner sufficient to preserve the issue for appellate review. However, the rule has changed since Craig and Matkins were decided. Effective August 1997 (well before Brown’s trial), Rule 21 was amended to provide that when the trial court does not give a requested charge, or when the trial court omits a desired charge, a defendant must seek to remedy the omission by submitting a proper instruction in writing or, where the additional instruction is taken from pattern jury instructions, by referring the trial court to the specific number and title of the pattern jury instruction. See Rule 21.2, Ala.R.Crim.P. (“Additional instructions shall be submitted in writing, except that with respect to any additional instructions taken from Alabama Pattern Jury Instructions — Criminal, it shall be sufficient to identity the instructions on the record by reference to the number and title of the pattern jury instruction.”).
The amendment to Rule 21, Ala.R.Crim. P., shifts to the objecting party the burden of devising proper jury instructions. Under Rule 21.2, then, when the trial court refused Brown’s requested alibi instruction (which contained incorrect statements of law) and did not formulate its own alibi instruction, it was Brown’s duty to submit a proper alibi instruction in writing or, if the pattern jury instructions contained an alibi instruction, to refer the trial court to the specific number and title of that instruction. Because the alibi instruction submitted by Brown contained incorrect statements of law and because Brown did *309 not comply with the requirements of Rule 21.2, Ala.R.Crim.P., after the trial court failed to give his requested instruction, I would affirm the judgment of the Court of Criminal Appeals.
STUART, J., concurs.